# US DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

**UNITED STATES OF AMERICA**

    **Plaintiff,**

v.                                    **Case No. 17-20183**
                                        **Hon. Mark Goldsmith**

**D-1 DARRICK BELL**

    **Defendant.**

| | |
|---|---|
| UNITED STATES ATTORNEY | AMBERG & AMBERG, PLLC |
| Matthew Schneider (P62190) | James W. Amberg (P68564) |
| Jerome Gorgon | Attorneys for D-1 Darrick Bell |
| Attorneys for the Government | 32121 Woodward Ave, Ste PH |
| 211 W. Fort Street, Suite 2001 | Royal Oak, MI 48073 |
| Detroit, MI | 248.681.6255 office |
| 313.226.9100 office | 248.681.0115 fax |
| | www.amberglaw.net |

**DEFENDANT D-1 DARRICK BELL'S MOTION FOR A BILL OF PARTICULARS**

*Certificate of Service*
*Brief in Support*
_____

    Now comes Darrick Bell, by his attorney, James W. Amberg, and respectfully requests this Court order the Government produce a Bill of Particulars for the following reasons:

1. Pursuant to LCR 7.1, counsel for the Defendant contacted AUSA Jerome Gorgon seeking concurrence in the relief requested in this Motion on March 20, 2020. Concurrence was denied.

2. Mr. Bell is charged in the Superseding Indictment, along with eight other defendants, with a variety of serious charges involving allegations of sex trafficking and narcotics distribution.

AMBERG & AMBERG, PLLC
ATTORNEYS AND COUNSELORS
32121 WOODWARD AVENUE, PH
ROYAL OAK, MI 48073
WWW.AMBERGLAW.NET
(248) 681-6255

3. Specifically, the Superseding Indictment charges Mr. Bell with the following:

- Count One: Sex Trafficking Conspiracy
- Count Three: Sex Trafficking by Force, Fraud, and Coercion
- Count Four: Sex Trafficking by Force, Fraud, and Coercion
- Count Five: Sex Trafficking by Force, Fraud, and Coercion
- Count Six: Sex Trafficking by Force, Fraud, and Coercion
- Count Seven: Sex Trafficking by Force, Fraud, and Coercion
- Count Eight: Sex Trafficking by Force, Fraud, and Coercion
- Count Eleven: Conspiracy to Distribute a Controlled Substance
- Count Fifteen: Distribution of a Controlled Substance Resulting in Death or Serious Injury
- Count Seventeen: Distribution of a Controlled Substance Resulting in Death or Serious Injury
- Count Eighteen: Maintaining Drug-Involved Premises

4. For purposes of this Motion, Mr. Bell focuses on Counts Fifteen and Seventeen.

5. Count Fifteen alleges that "On or about On or about November 3, 2016, in the Eastern District of Michigan, Defendants Darrick Demard Bell, Janette Gaggo Tawfik, and Terry Pruitt, and others known and unknown to the Grand Jury, aided, abetted, counseled and induced by each other, knowingly distributed a measurable amount of heroin, a Schedule II controlled substance to S.P., whose serious bodily injury resulted from the use of such substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(C) and Title 18, United States Code, Section 2." (Superseding Indictment; R98, Pd ID 316)

6. Count Seventeen alleges that "Ort or about December 26, 2016, in the Eastern District of Michigan, Defendants Darrick Demard Bell, Janette Gaggo Tawfik, and Terry Pruitt, and others known and unknown to the Grand Jury, aided, abetted, counseled and induced by each other, knowingly distributed a measurable amount of heroin, a Schedule II controlled substance to A.D., whose serious bodily injury and death

AMBERG & AMBERG, PLLC
ATTORNEYS AND COUNSELORS
32121 WOODWARD AVENUE, PH
ROYAL OAK, MI 48073
WWW.AMBERGLAW.NET
(248) 681-6255

2

resulted from the use of such substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(C) and Title 18, United States Code, Section 2." (*Id* at Pg ID 318)

7. Fed R Crim P 7(f) indicates that "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires."

8. A Bill of Particulars is necessary as Counts Fifteen and Seventeen of the Superseding Indictment fail to adequately inform Mr. Bell of the specifics of charges against which he must defend at trial.

**FOR THESE REASONS**, as well as those contained in the attached Brief in Support, Mr. Bell requests the Court order the Government produce a Bill of Particulars to better explain Counts Fifteen and Seventeen.

Respectfully submitted,

/s/*James W. Amberg*
AMBERG & AMBERG, PLLC
James W. Amberg P68564
Attorneys for D-1 Darrick Bell
32121 Woodward Ave. Suite PH
Royal Oak, MI 48073
248.681.6255
248.681.0115 (fax)

Dated: March 20, 2020

## *Certificate of Service*

I, James W. Amberg, attorney at law, certify that on March 20, I caused a copy of this Motion to be served upon the Government and the Court via efile.

/s/ *James W. Amberg*
James W. Amberg (P68564)

3

## US DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION-DETROIT

**UNITED STATES OF AMERICA**

       **Plaintiff,**

v.                                                         **Case No. 17-20183**
                                                             **Hon. Mark Goldsmith**

**D-1 DARRICK BELL**

       **Defendant.**

_____/

| | |
|---|---|
| UNITED STATES ATTORNEY | AMBERG & AMBERG, PLLC |
| Matthew Schneider (P62190) | James W. Amberg (P68564) |
| Jerome Gorgon | Attorneys for D-1 Darrick Bell |
| Attorneys for the Government | 32121 Woodward Ave, Ste PH |
| 211 W. Fort Street, Suite 2001 | Royal Oak, MI 48073 |
| Detroit, MI | 248.681.6255 office |
| 313.226.9100 office | 248.681.0115 fax |
| | www.amberglaw.net |

_____/

**BRIEF IN SUPPORT OF DEFENDANT D-1 DARRICK BELL'S MOTION FOR A WRITTEN PROFFER AND HEARING ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER FRE 801(d)(2)€**

Under Fed R Crim P 7(c), an indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." It is well known that an indictment is legally insufficient unless "it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v United States*, 418 US 87, 117 (1974); see also *United States v Schaffer*, 586 F3d 414, 422 (6th Cir 2009) ("[T]he indictment must: (1) 'set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces,' and (2) 'be sufficiently specific to enable the defendant to plead double jeopardy in

4

a subsequent proceeding, if charged with the same crime based on the same facts.'" (quoting *United States v Douglas*, 398 F3d 407, 411 (6th Cir 2005))); *United States v Chichy*, 1 F3d 1501, 1504 n3 (6th Cir 1993)("An indictment as drafted is presumed sufficient if it tracks the statutory language, cites the elements of the crimes charged, and provides approximate dates and times." (collecting cases)).

Although an indictment may be legally sufficient for purposes of Rule 7(c) and *Hamling*, it may nonetheless fail to provide enough detail to enable a defendant to meaningfully prepare for trial. Accordingly, Fed R Crim P 7(f) states that the Court "may direct the government to file a bill of particulars." A bill of particulars is meant to serve the following purposes:

> "(1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense where the indictment itself is too vague, and indefinite for such purposes." *United States v Birmley*, 529 F2d 103, 108 (6th Cir 1976)

According to the Sixth Circuit, "the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v Musick*, 291 F App'x 706, 724 (6th Cir 2008)

Mr. Bell is charged with a slew of charges ranging from sex trafficking conspiracies to narcotics conspiracies. As part of these allegations, he is accused of providing heroin to S.P. and A.D., of which the result was serious injury and death.

Regarding S.P., the closest counsel can determine as to what happened is a brief mention in numerous search warrant affidavits where it is alleged that Detroit Police and Detroit EMS treated somebody for an overdose in a specific hotel room

AMBERG & AMBERG, PLLC
ATTORNEYS AND COUNSELORS
32121 WOODWARD AVENUE, PH
ROYAL OAK, MI 48073
WWW.AMBERGLAW.NET
(248) 681-6255

5

at the Victory Inn. It is unknown who this person was or whether this was S.P. It is also unclear what the "serious injury" was. 21 USC § 802(25) states "[t]he term "serious bodily injury" means bodily injury which involves— (A) a substantial risk of death; (B) protracted and obvious disfigurement; or (C) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." Nowhere in Count Fifteen does it describe what this injury was.

As to A.D., Count Seventeen indicates that a death occurred on December 26, 2016. Nowhere within the discovery is there reference to this alleged occurrence outside of a general allegation that a death took place at a different hotel in Dearborn on this date found in a search warrant affidavit. Further, it is unclear from what has been provided by the Government who A.D. is or why, if A.D. is in fact deceased, this information cannot be provided to counsel. Because there is a death here and the death is alleged to have been caused by a specific narcotic, it is paramount to have at least some notice of the deceased in order for Mr. Bell to adequately prepare a defense.

Mr. Bell understands that a request for a Bill of Particulars should not be a fishing expedition for discovery. However, in this circumstance, given the lack of any discovery, coupled with the generalities of the allegations, it is impossible to adequately prepare any type of defense to these charges. Counts Fifteen and Seventeen fail to adequately inform Mr. Bell of what he is charged with and because of this, he cannot defend himself.

For these reasons, it is requested that the Court order the Government to provide Mr. Bell with a Bill of Particulars indicating what theory of serious injury is being pursued in Count Fifteen, and who is the deceased in Count Seventeen.

6

        Respectfully submitted,

        */s/ James Amberg*

        _____
        AMBERG & AMBERG, PLLC
        James W. Amberg P68564
        Attorneys for D-1 Darrick Bell
        32121 Woodward Avenue, PH
        Royal Oak, MI 48073
        248.681.6255
March 20, 2020        248.681.0115 (fax)

AMBERG & AMBERG, PLLC
ATTORNEYS AND COUNSELORS
32121 WOODWARD AVENUE, PH
ROYAL OAK, MI 48073
WWW.AMBERGLAW.NET
(248) 681-6255