UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 17-cr-20183

v.

                                    HON. MARK A. GOLDSMITH

D-1 DARRICK BELL,

        Defendant.

_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR**
**PRETRIAL DISCLOSURE OF RULE 404(b) EVIDENCE (Dkt. 417)**

This criminal case involves multiple defendants, all of whom have been charged with involvement in complex drug and human trafficking conspiracies and related crimes at the Victory Inn Hotel ("Victory Inn") on Michigan Avenue in Dearborn, Michigan. Defendant Darrick Bell has filed a motion for the Government to disclose sixty days before trial all evidence it intends to offer pursuant to Federal Rule of Evidence 404(b) (Dkt. 417).[1] The Government has filed a response in opposition to Bell's motion (Dkt. 459), to which Bell has replied (Dkt. 472).[2] For the reasons discussed below, the Court grants in part and denies in part Bell's motion.

## I. BACKGROUND

As the Court has previously described the factual background of the case in detail in other opinions, it need not do so again for purposes of the present motion. See, e.g., 7/15/19 Op. (Dkt.

_____

[1] Defendants Harold Nero, Shelvie Avery, Janette Gaggo Tawfik, Terry Pruitt, and Charles Ford have each filed a notice of joinder concurring in the relief sought in this motion. See Notices of Joinder (Dkt. 423, Nero; Dkt. 425, Avery; Dkt. 426, Tawfik; Dkt. 427, Pruitt; and Dkt. 452, Ford).

[2] Because oral argument will not aid the decisional process, these motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

306) (denying Defendant Ford's motion for bond).  In relevant part, a federal grand jury indicted

Bell on eleven counts, including participation in a human trafficking conspiracy, in violation of 18

U.S.C. § 1594(c), and a drug trafficking conspiracy, in violation of 21 U.S.C. § 846.  See generally

Superseding Indictment (Dkt. 98).  According to the indictment, Bell and Tawfik acted as the

leaders, managers, and supervisors of the conspiracies, while the other Defendants acted in various

capacities, including acting as lookouts and distributing and protecting illegal narcotics.  Id.  It is

alleged that Defendants distributed illegal narcotics to customers at the Victory Inn for use within

rooms at the hotel.  Id.  Additionally, Defendants allegedly distributed these narcotics to human

trafficking victims in order to control and coerce them into committing commercial sex acts at the

Victory Inn and other locations.  Id.

## II.  DISCUSSION

Federal Rule of Evidence 404(b) prohibits the admission of evidence of crimes, wrongs, or

other acts "to prove a person's character in order to show that on a particular occasion the person

acted in accordance with the character."  However, the rule permits the introduction of evidence

regarding such "bad acts" for other purposes, "such as proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid.

404(b)(2).  The Government is required to provide reasonable notice of any such evidence it

"intends to offer at trial, so that the defendant has a fair opportunity to meet it."  Fed. R. Evid.

404(b)(3).[3]

Bell seeks to compel the Government to supply notice of the evidence it intends to offer

pursuant to Rule 404(b) sixty days prior to trial.  Mot. at 4.  Bell maintains that this timeframe

---

[3] Rule 404(b) will be amended, effective December 1, 2020, absent contrary Congressional action. Because the Government's Rule 404(b) disclosure obligations will arise after December 1, 2020, this opinion references the amended version of the Rule.

would provide reasonable notice, given the potential need to investigate the evidence and determine its admissibility before trial. <u>Id.</u> at 5. The Government responds that it intends to offer evidence of bad acts that are intrinsic to the charged drug and human trafficking conspiracies and that are, therefore, outside the purview of Rule 404(b). Resp. at 5. To the extent the Government identifies any Rule 404(b) evidence it intends to introduce at trial, it represents that it understands its obligations and will provide timely notice. <u>Id.</u> at 10.

Rule 404(b) governs the admissibility of extrinsic evidence of crimes, wrongs, or other acts that "occurred at different times and under different circumstances from the offense charged." <u>United States v. Barnes</u>, 49 F.3d 1144, 1149 (6th Cir. 1995). However, the Rule does not apply to intrinsic evidence of uncharged acts that are part and parcel of the misconduct charged in the indictment. <u>United States v. Hardy</u>, 228 F.3d 745, 748 (6th Cir. 2000); <u>Barnes</u>, 49 F.3d at 1149. That is, evidence of bad acts that are "inextricably intertwined" with the charged offense or that relate to a continuing pattern of illegal activity does not implicate Rule 404(b). <u>Barnes</u>, 49 F.3d at 1149. Thus, courts may admit intrinsic evidence without reference to Rule 404(b) if it "(1) is a prelude to the charged offense; (2) is directly probative of the charged offense; (3) arises from the same events as the charged offense; (4) forms an integral part of a witness's testimony; or (5) completes the story of the charged offense." <u>United States v. Edmond</u>, 815 F.3d 1032, 1045 (6th Cir. 2016), <u>vacated on other grounds</u>, 137 S. Ct. 1577 (2017).

Uncharged bad acts committed by a defendant in furtherance of a charged conspiracy have been held to constitute intrinsic evidence that does not implicate Rule 404(b). <u>See United States v. McGee</u>, 510 F. App'x 377, 381 (6th Cir. 2013) (holding that a prior, uncharged robbery that supplied firearms used in furtherance of the charged conspiracy was an intrinsic wrong such that Rule 404(b) analysis was not required). Furthermore, bad acts performed "by other participants

in a common scheme are admissible as long as [the acts] constitute part of the same criminal episode, whether or not a conspiracy is charged, and as long as independent evidence ties the defendant to that scheme." United States v. Hohn, 293 F. App'x 395, 402 (6th Cir. 2008) (finding that admission of a shooting committed by co-defendants, but not involving the defendant, was proper because it was intrinsic to the charged RICO conspiracy).

Bell seeks to require the Government to provide pretrial notice of the intrinsic evidence it intends to introduce, to afford him an opportunity to challenge its admission. Reply at 4. In support of this request, Bell maintains that the Government's view of what evidence is intrinsic may sweep too broadly and incorporate any nefarious activity that took place at the Victory Inn— whether or not it was related to the charged conspiracies. Id. at 3.

However, Bell offers no authority to order the Government to list its contemplated intrinsic evidence. As discussed above, intrinsic evidence is not subject to Rule 404(b) or its notice requirements. See Barnes, 49 F.3d at 1149 (rejecting the defendants' argument that the prosecution failed to supply adequate notice under Rule 404(b) because the evidence at issue was intrinsic and, therefore, not subject to Rule 404(b)); see also United States v. Green, 617 F.3d 233, 247 (3d Cir. 2010) ("[T]he only consequences of labeling evidence 'intrinsic' are to relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon defense counsel's request." (internal marks omitted)). Accordingly, Bell is not entitled under Rule 404(b) to pretrial disclosure of the intrinsic evidence the Government intends to introduce.

Bell will not be without recourse should the Government offer evidence at trial that Bell believes is not truly intrinsic. He will be able to object at that time; if the evidence is determined to be extrinsic and subject to Rule 404(b)'s notice requirements, it will be excluded unless the

4

Government can establish good cause justifying its failure to provide notice.  See Fed. R. Evid. 404(b)(3)(C).  The possible exclusion of evidence not properly characterized as intrinsic will serve to keep the Government honest in its pretrial assessment of whether to give notice of the evidence under Rule 404(b).  And the assertion of the objection at trial will provide a broader, more developed factual context in which the Court can evaluate whether the evidence meets the various criteria for intrinsic evidence.

Having determined that Bell is not entitled to pretrial disclosure of the Government's intrinsic evidence, the Court turns to the Government's disclosure obligations with respect to evidence that falls within the purview of Rule 404(b).  As indicated above, Bell seeks disclosure of any Rule 404(b) evidence sixty days prior to trial, Mot. at 5, while the Government suggests that disclosure one week prior to trial would suffice, Resp. at 11.

"Rule 404(b)'s notice standard is flexible because 'what constitutes a reasonable disclosure will depend largely on the circumstances of each case.'"  United States v. White, 816 F.3d 976, 984 (8th Cir. 2016); see also United States v. Reddy, 190 F. Supp. 2d 558, 576 (S.D.N.Y. 2002). The Government is correct that one week is frequently deemed reasonable notice for Rule 404(b) purposes.  See, e.g., United States v. French, 974 F.2d 687, 694-95 (6th Cir. 1992); United States v. Paul, 57 F. App'x 597, 607 (6th Cir. 2003).  However, courts have also ordered notice to be provided weeks to months in advance of trial.  See, e.g., United States v. Lindsey, 702 F.3d 1092, 1097 (8th Cir. 2013) (noting that the district court required in its scheduling order that formal notice be provided one month before trial); United States v. Mills, No. 16-cr-20460, 2019 WL 409659, at *4 (E.D. Mich. Feb. 1, 2019) (noting that a scheduling order required the Government to provide notice more than nine months before the scheduled trial date); Reddy, 190 F. Supp. 2d at 576 (ordering notice 45 days before trial to permit for the filing of motions in limine); United

States v. Heatley, 994 F. Supp. 483, 491 (S.D.N.Y. 1998) (finding that ten days' notice was inadequate and requiring the government to provide notice three weeks before trial).

Given the complexity of the present case, as well as the delays occasioned by the COVID-19 pandemic, a longer notice period is appropriate. As the Court previously noted in granting the Government's motion for a continuance, "defense counsel are currently unable to meet with detained clients, as many jails have suspended attorney visitation. Office and business closures, as well as travel restrictions, have further prevented defense counsel and counsel for the Government from accessing discovery materials and interviewing witnesses." 6/11/20 Op. at 4-5 (Dkt. 487). To afford defense counsel adequate time to investigate and obtain discovery regarding potential Rule 404(b) evidence, as well as to engage in any necessary motion practice, the Government must provide formal notice of its intent to introduce Rule 404(b) evidence no later than December 2, 2020, forty days before trial.

With respect to the scope of the notice, Bell seeks disclosure of the Rule 404(b) evidence that the Government intends to introduce, including the dates and locations of the misconduct; the names of all witnesses with knowledge of the misconduct; copies of all documents, materials, or tangible evidence that the Government will seek to introduce regarding the misconduct; all exculpatory evidence regarding such misconduct; and a statement of the purpose for which the Rule 404(b) evidence is offered. Mot. at 4-5.

As amended, Rule 404(b)(3)(B) provides that the Government must "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." The advisory committee notes clarify that "[t]he prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant

6

in light of this purpose." Fed. R. Evid. 404, Advisory Committee's Note to 2020 Amendment. This amendment was intended to combat the mistaken understanding by some courts that the Government could "satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose." Id.

This amendment, however, does not disturb the prior advisory committee note that the prosecution is not required "to disclose directly or indirectly the names and addresses of its witnesses . . . ." Fed. R. Evid. 404, Advisory Committee's Note to 1991 Amendment. Nor is the amendment inconsistent with existing caselaw holding that the Government has no obligation to supply a Rule 404(b) notice identifying documents or other evidence regarding, or witnesses with knowledge of, the bad acts. See United States v. Mills, No. 16-cr-20460, 2019 WL 409659, at *5 (E.D. Mich. Feb. 1, 2019) (collecting cases). Thus, while Bell is entitled to notice containing descriptions of the specific bad acts the Government's evidence would tend to prove, as well as the purpose for their admission, he is not entitled to disclosure of witness identities or evidence regarding the underlying bad acts.

## III. CONCLUSION

For the reasons stated above, Bell's motion is granted in part and denied in part (Dkt. 417). The Government shall provide notice of its intent to introduce Rule 404(b) evidence, with content conforming to the amended rule, no later than December 2, 2020.

SO ORDERED.

Dated: August 14, 2020                                    s/Mark A. Goldsmith
       Detroit, Michigan                                 MARK A. GOLDSMITH
                                                         United States District Judge