UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 DARRICK BELL,

        Defendant.

_____/

Case No. 17-cr-20183

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING IN PART DEFENDANT'S MOTION FOR A WRITTEN PROFFER AND HEARING ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER FEDERAL RULE OF EVIDENCE 801(d)(2)(E) (Dkt. 416)**

This criminal case involves multiple defendants, all of whom have been charged with involvement in a complex drug and human trafficking conspiracy and related crimes at the Victory Inn Hotel ("Victory Inn") on Michigan Avenue in Dearborn, Michigan. Defendant Darrick Bell has filed a motion for the Government to submit a written proffer in advance of trial addressing the basis for admission of any alleged co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E), and then to have this Court conduct a pretrial hearing—colloquially referred to as an Enright hearing—to determine the admissibility of these statements (Dkt. 416).[1] The Government has filed a response in opposition to Bell's motion (Dkt. 456), to which Bell has replied (Dkt. 467).[2]

---

[1] Defendants Harold Nero, Shelvie Avery, Janette Gaggo Tawfik, Terry Pruitt, and Charles Ford have each filed a notice of joinder concurring in the relief sought in this motion. See Notices of Joinder (Dkt. 423, Nero; Dkt. 425, Avery; Dkt. 426, Tawfik; Dkt. 427, Pruitt; and Dkt. 452, Ford).

[2] Because oral argument will not aid the decisional process, these motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

For the reasons discussed below, the Court grants in part Bell's motion, orders the Government to submit an offer of proof for review sixty days before trial, and reserves ruling on Bell's request for an Enright hearing.

## I. BACKGROUND

As the Court has previously described the factual background of the case in detail in other opinions, it need not do so again for purposes of the present motion. See, e.g., 7/15/19 Op. (Dkt. 306) (denying Defendant Ford's motion for bond). In relevant part, a federal grand jury indicted Bell on eleven counts, including participation in a human trafficking conspiracy, in violation of 18 U.S.C. § 1594(c), and a drug trafficking conspiracy, in violation of 21 U.S.C. § 846. See generally Superseding Indictment (Dkt. 98). According to the indictment, Bell and Tawfik acted as the leaders, managers, and supervisors of the conspiracies, while the other Defendants acted in various capacities, including acting as lookouts and distributing and protecting illegal narcotics. Id. It is alleged that Defendants distributed illegal narcotics to customers at the Victory Inn for use within rooms at the hotel. Id. Additionally, Defendants allegedly distributed these narcotics to human trafficking victims in order to control and coerce them into committing commercial sex acts at the Victory Inn and other locations. Id.

## II. DISCUSSION

Under Federal Rule of Evidence 801(d)(2)(E), an out-of-court statement offered for the truth of the matter asserted against an opposing party is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Before such statements can be admitted, however, the court must make a preliminarily finding that the co-conspirator statements satisfy the requirements of Rule 801(d)(2)(E). United States v. Childs, 539 F.3d 552, 559 (6th Cir. 2008).

For out-of-court statements of a co-conspirator to be admissible under Rule 801(d)(2)(E), the Government must establish the following three foundational prerequisites by a preponderance of the evidence: (i) the conspiracy existed, (ii) the defendant against whom the statement is offered was a member of the conspiracy, and (iii) the co-conspirator made the statement during the course of and in furtherance of the conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987); United States v. Vinson, 606 F.2d 149, 152 (6th Cir. 1979) (discussing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)).[3] The district court's finding as to whether the Government has met its burden is commonly referred to as an Enright finding. See United States v. Young, 847 F.3d 328, 352 (6th Cir. 2017).

In making its factual findings, the court may consider the hearsay statements themselves. See Bourjaily, 483 U.S. at 181; Fed. R. Evid. 801(d)(2)(E) (providing that "[t]he statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it"). But because these statements are presumptively unreliable, there must be some independent corroborating evidence of the defendant's knowledge and participation in the conspiracy for these statements to be admissible. United States v. Benson, 591 F.3d 491, 502 (6th Cir. 2010); United States v. Conrad, 507 F.3d 424, 429 (6th Cir. 2007) (citing United States v. Clark, 18 F.3d 1337, 1341 (6th Cir. 1994)).

---

[3] "A statement is made in furtherance of a conspiracy if it was intended to promote conspiratorial objectives; it need not actually further the conspiracy." United States v. Kelsor, 665 F.3d 684, 695 (6th Cir. 2011) (citation and quotation marks omitted); see also United States v. Payne, 437 F.3d 540, 546 (6th Cir. 2006) ("Statements designed to conceal an ongoing conspiracy are made in furtherance of the conspiracy for purposes of Rule 801(d)(2)(E)."). Out-of-court statements that were made after the conclusion of the conspiracy, however, are not made "in furtherance of the conspiracy" and, therefore, are not admissible under Rule 801(d)(2)(E). United States v. Conrad, 507 F.3d 424, 430 (6th Cir. 2007). Similarly, "'mere idle chatter or casual conversation about past events is not considered a statement in furtherance of the conspiracy.'" Id. (quoting United States v. Darwich, 337 F.3d 645, 657 (6th Cir. 2003)).

Although it has declined to set any "hard and fast procedures," Vinson, 606 F.2d at 152, the Sixth Circuit has outlined three possible methods for the district court to employ when making its admissibility determination. The first method is the so-called "mini-hearing," during which the district court "hears the government's proof of conspiracy and makes the preliminary Enright finding." Id. This pretrial hearing is also referred to as an Enright hearing, see United States v. Norwood, No. 12-CR-20287, 2014 WL 1795560, at *1 (E.D. Mich. May 6, 2014), and it is what Bell has requested in this case. This sort of hearing is often criticized as being "burdensome, time-consuming and uneconomic." Vinson, 606 F.2d at 152 & n.4 (citing United States v. James, 590 F.2d 757 (5th Cir. 1979)); Norwood, 2014 WL 1795560, at *2.

Under the second method, a court may require the Government to produce independent evidence establishing a conspiracy at trial before the court makes an Enright finding concerning the admissibility of any co-conspirators' hearsay statements. Vinson, 606 F.2d at 152-153; see also United States v. Stone, No. 10-20123, 2011 WL 17613, at *2 (E.D. Mich. Jan. 4, 2011) ("[T]he Court can require the Government to produce the independent evidence of conspiracy at trial, before it attempts to introduce the hearsay, and the Court can make the Enright findings then."). If, after considering the non-hearsay evidence, a district court finds that the co-conspirator statements are admissible, the court will allow the Government to introduce the challenged statements. Vinson, 606 F.2d at 152.

Finally, under the third method, the court may conditionally "admit the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence." Id. at 153. This method of conditionally admitting co-conspirator statements is "firmly entrenched in this circuit's practice," United States v. Holloway, 740 F.2d 1373, 1375 n.2 (6th Cir. 1984), and it is the general and preferred practice within this circuit, see Norwood, 2014 WL 1795560, at *2

4

(collecting cases). Notably, if a district court conditionally admits co-conspirator statements but the Government fails to carry its burden at trial by a preponderance of evidence, the court "should grant a mistrial unless convinced that a cautionary instruction would shield the defendant from prejudice." United States v. Kelsor, 665 F.3d 684, 693 (6th Cir. 2011) (citing Vinson, 606 F.2d at 153).

In his motion, Bell seeks a written proffer from the Government containing specific statements by alleged co-conspirators that the Government intends on admitting at trial, as well as a summary of evidence establishing the foundational prerequisites for admissibility. Mot. at 4. Following this proffer, Bell urges the Court to conduct an Enright hearing in order to streamline an already complex trial by reducing the number of objections. Id. at 6. Bell notes that a similar mechanism was employed by this Court in United States v. Mills, No. 16-20460, 2019 WL 77032 (E.D. Mich. Jan. 2, 2019), another complex, multi-defendant case. Id. at 4. As for any concerns regarding witness safety and intimidation, Bell claims that witness protection may be achieved through a protective order or redaction of the witness names in the Government proffer. Reply at 2-3.

In response, the Government first contends that there is no right to early discovery of co-conspirator statements under Federal Rule of Criminal Procedure 16. Resp. at 8-9. To protect the safety of potential witnesses, the Jencks Act, 18 U.S.C. § 3500(a), provides that statements made by a Government witness are not subject to disclosure until after the witness has testified on direct examination. Id. at 9. Additionally, pretrial disclosures of victims' identities would implicate victims' rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771, to reasonable protection from the accused and to be treated with respect for their dignity and privacy. Id. at 16. And although a proffer was ordered in Mills, the Government contends that Mills did not present

concerns regarding witness safety and victim privacy. Id. at 16-17. Second, because of the anticipated length of trial and the volume of evidence that would be introduced, the Government claims that an Enright hearing would become an inefficient duplication of the Court's time and resources. Id. at 11-12. Third, the Government argues that many of the co-conspirator statements are independently admissible or non-hearsay. Id. at 14. For these reasons, the Government urges the Court to conditionally admit any co-conspirator statements. Id. at 3.

The Court believes that the best approach is to require the Government to submit an offer of proof identifying any alleged co-conspirator statements it contemplates introducing at trial under Rule 801(d)(2)(E), after which the Court will review the proffer and decide which of the three methods for determining admissibility is appropriate, i.e., hold an Enright hearing, have the Government submit non-hearsay evidence of a conspiracy at trial prior to making an Enright finding, or conditionally admit the co-conspirator statements at trial. See, e.g., United States v. Rodriguez, 975 F.2d 404, 406 (7th Cir. 1992) (explaining that "the Government may submit evidence of [the foundational] elements in a pre-trial proffer, and the district court may admit the statement(s) subject to its later determination during trial that the Government has established by a preponderance of the evidence the three foundational elements"); United States v. Radabaugh, 840 F.2d 18 (Table), at *3 (6th Cir. 1988) (per curiam) (noting that the district court acted within its discretion by listening to the Government's proffer and then admitting the statements conditionally); United States v. Sneed, No. 3:14 CR 00159, 2016 WL 4191683, at *3 (M.D. Tenn. Aug. 9, 2016) (ordering the Government to file its proffered co-conspirator statements so that the court could determine before trial whether the statements were admissible); Norwood, 2014 WL 1795560, at *3 (finding the Government's court-ordered written proffer adequate and "utilizing

6

the option 'firmly entrenched in this circuit's practice'—i.e., conditionally admitting the statements without a pre-trial 'mini-hearing'" (quoting Holloway, 740 F.2d at 1375 n.2)).

The Court is unaware of—and the Government has not cited—any authority holding that such a procedure runs afoul of the Jencks Act. The cases cited by the Government hold generally that defendants are not entitled, under Rule 16 or Brady v. Maryland, 373 U.S. 83 (1963), to pretrial discovery of witness statements falling within the ambit of the Jencks Act. See United States v. Presser, 844 F.2d 1275, 1283 (1988); see also United States v. Maury, 695 F.3d 227, 251 n.21 (3d Cir. 2012); United States v. Meda, No. 11-20052, 2013 WL 398924, at *4 (E.D. Mich. Feb. 1, 2013). These cases, however, are silent regarding the application of the Jencks Act in the context of an Enright inquiry.[4]

The Government's position that the Jencks Act precludes Enright proffers would seemingly preclude Enright hearings altogether, as such hearings necessarily entail the pretrial disclosure of evidence to be offered under Rule 801(d)(2)(E). That would be inconsistent with Sixth Circuit authority expressly authorizing Enright hearings as a method by which courts may assess the admissibility of Rule 801(d)(2)(E) evidence. Vinson, 606 F.2d at 152. A written proffer, in comparison, would involve a significantly less robust disclosure than that involved in a full Enright

---

[4] The only case that touches on disclosure of Jencks Act material in the context of an Enright proffer is Mills. In Mills, the court ordered the Government to submit an offer of proof. 2019 WL 77032, at *5. But it acknowledged that "[i]nsofar as either [defendant] seeks pretrial disclosure of the Government's evidence to be offered under Rule 801(d)(2)(E) . . . such evidence is not discoverable under Federal Rule of Criminal Procedure 16. Therefore, any purported request for pretrial discovery of co-conspirator statements is denied." Id. While Mills acknowledged that a defendant is not entitled to a co-conspirator's statements protected under the Jencks Act as a matter of discovery, it did not broadly prohibit disclosure of such statements when necessary to assess their admissibility at trial. Reading Mills as recognizing such a broad prohibition would be plainly inconsistent with what the Mills court in fact ordered.

hearing. Accordingly, the Court concludes that it is not prohibited under the Jencks Act from ordering the Government to provide a written proffer.

Nor is the Court persuaded that ordering a written proffer in this case would contravene the purposes of the Jencks Act or the Crime Victims' Rights Act by compromising the safety of co-conspirators, cooperating defendants, or other witnesses, or the privacy and safety of victims. Although the proffer is to include specific statements from alleged co-conspirators that the Government will seek to admit, the Government may redact any information revealing the identities of the co-conspirators, cooperators, or other persons whose safety the Government reasonably fears could be jeopardized. The Government may also redact the identities of any victims from the summary of evidence establishing the foundational prerequisites for admissibility. Therefore, the safety and privacy of cooperators, victims, and other witnesses should not be jeopardized.

Although the Court acknowledges that preparing this written proffer may be somewhat burdensome for the Government, this approach balances the parties' competing interests. This approach is less burdensome and restrictive to the Government than directly proceeding with an Enright hearing, and it will not result in a duplication of the Government's presentation of evidence during trial. Additionally, it simultaneously protects Bell's legitimate concerns about hearsay statements by ensuring "some level of review before the statements [are] put before the jury." See Norwood, 2014 WL 1795560, at *3.

### III. CONCLUSION

For the reasons stated above, Bell's motion (Dkts. 416) is granted in part. The Government must file and serve a written proffer as described above at least sixty days before the trial date. Defendants may file a response within ten days of receiving the Government's proffer. The

Government may then file a reply within ten days of receiving a Defendant's response. At that point, the Court will be in a better position to revisit Bell's motion and determine whether any further pretrial action, including an <u>Enright</u> hearing, is necessary.

    SO ORDERED.

Dated: December 1, 2020                        s/Mark A. Goldsmith
       Detroit, Michigan                      MARK A. GOLDSMITH
                                                         United States District Judge