UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

                    Plaintiff,

v.                                                      Case No. 17-cr-20183
                                                        Hon. Mark A. Goldsmith

D-1 DARRICK DERNARD BELL,

                    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT DARRICK DERNARD BELL'S MOTION FOR BILL OF**
**PARTICULARS (Dkt. 415)**

This criminal case involves multiple defendants, all of whom were indicted by a grand jury

on charges stemming from their alleged roles in a large-scale human trafficking and drug

distribution conspiracy at the Victory Inn hotel ("Victory Inn") on Michigan Avenue in Detroit,

Michigan.  Defendant Darrick Bell has filed a motion for a bill of particulars (Dkt. 415),[1] to which

the Government has filed a response in opposition to the motion (Dkt. 454).  No reply brief was

filed.  For the reasons stated below, the Court denies the motion.

## I.  BACKGROUND

Because the Court has previously described the factual and procedural background of this

case in greater detail in other opinions, it need not do so again for purposes of the present motion.

See, e.g., 7/15/2019 Op. & Order (Dkt. 306) (denying Defendant Ford's motion for bond).

_____

[1] Defendants Harold Lashawn Nero, Shelvie Avery, Terry Pruitt, and Charles Ford have each filed
a notice of joinder concurring in the relief sought in this motion.  See Notices of Joinder (Dkt. 423,
Nero; Dkt. 425, Avery; Dkt. 427, Pruitt; and Dkt. 452, Ford).

## II.  STANDARD OF DECISION

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  It is well established that an indictment is legally insufficient unless "it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling v. United States, 418 U.S. 87, 117 (1974); see also United States v. Schaffer, 586 F.3d 414, 422 (6th Cir. 2009) ("[T]he indictment must: (1) set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces[,] and (2) be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." (internal marks omitted) (alteration in original)); United States v. Chichy, 1 F.3d 1501, 1504 n.3 (6th Cir. 1993) ("An indictment as drafted is presumed sufficient if it tracks the statutory language, cites the elements of the crimes charged, and provides approximate dates and times.").

Although an indictment may be legally sufficient for purposes of Rule 7(c) and Hamling, it may nonetheless fail to provide enough detail to enable a defendant to meaningfully prepare for trial.  Accordingly, Rule 7(f) states that the Court "may direct the government to file a bill of particulars."  Fed. R. Crim. P. 7(f); see also 1 Charles Alan Wright, et al., Federal Practice and Procedure § 130 (4th ed.) ("A bill of particulars is a formal written statement by the prosecutor providing details of the charges against the defendant.").  A bill of particulars is meant to serve the following purposes:

> (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense where the indictment itself is too vague, and indefinite for such purposes.

2

United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976); see also United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) ("A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes.").  According to the Sixth Circuit, "the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008); see also United States v. Kogan, 283 F. Supp. 3d 127, 132 (S.D.N.Y. 2017) ("[T]he proper inquiry on a motion to compel a bill of particulars is whether the information sought is necessary, not whether it is helpful.").

Importantly, a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." Salisbury, 983 F.2d at 1375; see also United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) (holding that a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation."); United States v. Martin, 822 F.2d 1089, at *3 (6th Cir. 1987) (Table) ("[A] bill of particulars is not to be used as a general discovery device. . . . This is particularly so in a conspiracy case where the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy.").  For example, a "defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." Musick, 291 F. App'x at 724.  Nor is a bill of particulars meant to allow the defendant a preview of the Government's legal theory of the case. Kogan, 283 F. Supp. 3d at 132.

### III. DISCUSSION

Bell seeks a bill of particulars with respect to Counts 15 and 17 of the superseding indictment, both of which charge the distribution of a controlled substance resulting in death or

3

serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  See Superseding Indictment (Dkt. 98).  Specifically, Count 15 alleges that on or about November 3, 2016, Bell's distribution of heroin resulted in the serious bodily injury of victim S.P., while Count 17 alleges that on or about December 26, 2016, Bell's distribution of heroin resulted in the serious bodily injury and death of victim A.D.  Id.  Bell, however, contends that the indictment and materials turned over in discovery do not adequately describe the serious bodily injury sustained by S.P. or identify A.D.  Mot. at 5-6.  Accordingly, he seeks a bill of particulars detailing this information. Id. at 6.  The Government, in turn, argues that the superseding indictment contains sufficient allegations delineating the charges, while the voluminous discovery contains reports identifying victims S.P. and A.D. and providing additional details.  Resp. at 7-9.  The Court agrees with the Government.

As noted above, there are "two constitutional requirements for an indictment: 'first, [it must] contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, [it must] enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) (quoting Hamling, 418 U.S. at 117); see also Martin, 822 F.2d 1089, at *3 ("[T]he test for determining whether a bill of particulars should issue is whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." (internal marks omitted) (emphasis in original)).  An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'"  Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)).  An indictment "parroting the language of a federal criminal statute" is often sufficient so long as the crime is not one that must be charged with greater specificity.  Id.

4

Here, the superseding indictment contains sufficient allegations with respect to Counts 15 and 17 to pass constitutional muster.  An offense under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) requires the Government to establish the following elements: (i) the defendant knowingly or intentionally distributed a controlled substance, (ii) the defendant knew at the time of distribution that the substance was a controlled substance, and (iii) the victim would not have sustained serious bodily injury or died but for the use of that same controlled substance distributed by the defendant.  Sixth Circuit Pattern Criminal Jury Instructions § 14.02B (2019 ed.).[2]  The superseding indictment alleges each of these elements with respect to Counts 15 and 17.  The indictment alleges that Bell "knowingly distributed a measurable amount of heroin," which resulted in S.P.'s serious bodily injury and in A.D.'s serious bodily injury and death.  In addition to the drug type and the victims' initials, the indictment further specified the date on which the incidents occurred, the location, and the other Defendants involved.  These allegations sufficiently apprise Bell of the charges against him, protect him against double jeopardy, and enable him to prepare for trial.

Nonetheless, even if the Court were to find that the superseding indictment failed to fairly inform Bell of the charges against which he must defend, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources."  United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991).  Bell has received extensive discovery related to the charges against him in this case, including thousands of pages of discovery and hotel records, dozens of videos, and approximately 15,000 hours of surveillance video from the Victory Inn.  Specifically, the Government asserts that the discovery includes reports identifying by name the victims referenced in Counts 15 and 17, as well as a number of additional details regarding these

---

[2] Further, because the indictment alleges aiding and abetting in Counts 15 and 17, the Government need not prove that Bell personally distributed the controlled substances, only that (i) the distribution offense was committed, (ii) the defendant helped to commit the crime or encouraged someone else to commit the crime, and (iii) the defendant intended to help commit or encourage the crime.  Sixth Circuit Pattern Criminal Jury Instructions § 4.01.

victims.  Resp. at 9.  Thus, the extensive discovery cures any possible defect with the superseding indictment such that Bell and his co-defendants can meaningfully prepare a defense.  In other words, while the requested information may be <u>helpful</u> to Defendants, it is not <u>necessary</u> to the preparation of their defenses and avoidance of prejudicial surprise.  <u>See Musick</u>, 291 F. App'x at 724.

Moreover, given the extensive discovery provided to Bell, the only purpose a bill of particulars would serve is to lock the Government into a trial strategy far in advance of the trial date.  <u>See</u> <u>United States v. Haskins</u>, 345 F.2d 111, 114 (6th Cir. 1965) ("When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified, i.e., the bill limits the scope of the government's proof at the trial."); <u>see also</u> <u>United States v. McKay</u>, 45 F. Supp. 1001, 1004 (E.D. Mich. 1942) (holding that court should balance the defendant's need for the information against "the fact that the Government should not be unduly limited in the scope and presentation of its evidence offered at the trial in support of the offense charged in the indictment.").  The balance of considerations must be struck here against requiring further disclosures by way of a bill of particulars.

## IV.  CONCLUSION

For the reasons stated above, the Court denies Bell's motion for a bill of particulars (Dkt. 415).

SO ORDERED.

Dated:  December 16, 2020                                    s/Mark A. Goldsmith
       Detroit, Michigan                                    MARK A. GOLDSMITH
                                         United States District Judge