UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 17-cr-20183

    HON. MARK A. GOLDSMITH

D-1 DARRICK BELL,

    Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION IN LIMINE TO PERMIT CROSS-EXAMINATION REGARDING VICTIMS' HISTORIES OF PROSTITUTION (Dkt. 419)**

This criminal case involves multiple defendants, all of whom have been charged with involvement in a complex drug- and sex-trafficking conspiracy and related crimes at the Victory Inn, a hotel in Detroit, Michigan. Defendant Darrick Bell has filed a motion in limine seeking permission to cross-examine victims regarding their histories of prostitution (Dkt. 419).[1] Additionally, Bell seeks the Government's proffer of evidence relating to the victims' engagement in prostitution before and after the time period at issue in the superseding indictment. The Government has filed a response in opposition to Bell's motion (Dkt. 458), to which Bell has replied (Dkt. 468).[2] For the reasons discussed below, the Court denies Bell's motion.

---

[1] Defendants Harold Nero, Shelvie Avery, Janette Gaggo Tawfik, Terry Pruitt, and Charles Ford have each filed a notice of joinder concurring in the relief sought in this motion. See Notices of Joinder (Dkt. 423, Nero; Dkt. 425, Avery; Dkt. 426, Tawfik; Dkt. 427, Pruitt; and Dkt. 452, Ford).

[2] Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

## I. BACKGROUND

As the Court has previously described the factual background of the case in detail in other opinions, it need not do so again for purposes of the present motion. See, e.g., 7/15/19 Op. (Dkt. 306) (denying Defendant Ford's motion for bond). In relevant part, a federal grand jury indicted Bell on eleven charges, including a drug-trafficking conspiracy, in violation of 21 U.S.C. § 846; a sex-trafficking conspiracy, in violation of 18 U.S.C. § 1594(c); and sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a). See Superseding Indictment (Dkt. 98). According to the indictment, Bell acted as a leader, manager, and supervisor of the conspiracy. Id. It is alleged that Defendants distributed illegal narcotics to customers at the Victory Inn for use within rooms at the hotel. Id. Additionally, Defendants allegedly distributed these narcotics to sex-trafficking victims in order to control and coerce them into committing commercial sex acts at the Victory Inn and other locations. Id.

Eight unidentified adult victims of sex trafficking are referenced in the superseding indictment. Id. Bell believes that most, if not all, of these victims engaged in prostitution both before and after the dates of the alleged conspiracy, and he seeks leave to cross-examine them regarding their histories of prostitution. Mot. at 2–3. Acknowledging the general exclusion of evidence regarding a victim's sexual behavior under Federal Rule of Evidence 412(a), Bell has filed a pretrial motion seeking leave to introduce this evidence under one of the exceptions to the rule, as required under Rule 412(c). Id. Bell maintains that this evidence would impeach the victims' credibility by showing that they falsely accused Bell in order to shield themselves or another pimp from prosecution, or by showing that they breached their agreements with law enforcement not to engage in criminal activity. Id. at 8. Additionally, Bell seeks the Government's production of evidence relating to the victims' histories of prostitution. Id.

## II. DISCUSSION

Applicable to civil and criminal proceedings involving alleged sexual misconduct, Rule 412 broadly prohibits the admission of evidence offered to prove "that a victim engaged in other sexual behavior," or evidence offered to prove "a victim's sexual predisposition." Fed. R. Evid. 412(a). Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details" and to "encourage[] victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." Fed. R. Evid. 412, Advisory Committee's Note to 1994 Amendment. Rule 412 bars evidence of a victim's sexual behavior whether it is offered as substantive evidence or for impeachment purposes. Id. The rule, however, does not protect all witnesses from introduction of evidence of their sexual behavior—rather, it applies only when "the person against whom the evidence is offered can reasonably be characterized as a 'victim of alleged sexual misconduct.'" Id.

There is no dispute that Rule 412 governs Bell's motion. Prosecutions of sex trafficking involve "'alleged sexual misconduct,' and evidence of a trafficking victim's pre- or post-indictment involvement in prostitution implicates her 'other sexual behavior' or 'sexual predisposition[.]'" United States v. Haines, 918 F.3d 694, 697 (9th Cir. 2019) (citation omitted). Thus, many circuits have applied Rule 412 in cases like this one, where a defendant charged with sex trafficking seeks to introduce evidence of a victim's pre- and post-indictment acts of prostitution. See, e.g., United States v. Mack, 808 F.3d 1074, 1084 (6th Cir. 2015); see also United States v. Lockhart, 844 F.3d 501, 509 (5th Cir. 2016).

Rule 412's exclusion of evidence of a victim's sexual history is subject to three exceptions. The only exception relevant to the present motion is that set forth under Rule 412(b)(1)(C), for

3

"evidence whose exclusion would violate the defendant's constitutional rights." See Mot. at 6. Bell claims that excluding evidence of the victims' sexual histories would violate his Fifth Amendment right to present a defense and his Sixth Amendment right to confront witnesses. Id. The Court addresses each of these arguments in turn.

### A. Due Process

"The Fifth Amendment's Due Process Clause guarantees a defendant's right 'to present evidence favorable to himself on an element that must be proven to convict him.'" Lockhart, 844 F.3d at 509 (quoting Clark v. Arizona, 548 U.S. 735, 769 (2006)) (emphasis in original). This right, however, does not grant a defendant unfettered ability to present "testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylor v. Illinois, 484 U.S. 400, 410 (1988). Stated differently, "the Due Process Clause does not give a criminal defendant the right to introduce irrelevant evidence." United States v. Thompson, 178 F. Supp. 3d 86, 91 (W.D.N.Y. 2016).

To prove sex-trafficking charges brought under 18 U.S.C. § 1591(a), the Government must establish that Bell recruited, enticed, harbored, transported, provided, or solicited each of the adult victims, while knowing or recklessly disregarding "that means of force, threats of force, fraud, [or] coercion . . . [would] be used to cause the [victim] to engage in a commercial sex act." 18 U.S.C. § 1591(a).[3] A number of circuits, including the Sixth Circuit, have held that evidence of pre- and post-indictment prostitution is properly barred under Rule 412, as this evidence is irrelevant to the mens rea element under § 1591(a) and to whether the victims were forced or coerced into engaging

---

[3] Bell has not specified how evidence of the victims' pre- and post-indictment acts of prostitution would be relevant to these elements. Rather, his only explanation of relevance concerns possible avenues of impeachment, which are more appropriately addressed below in connection with the Confrontation Clause.

4

in commercial sex. See, e.g., United States v. Carson, 870 F.3d 584, 593–594 (7th Cir. 2017) ("[W]hether the victims had previously worked as prostitutes was irrelevant to the required mens rea for the crime."); Lockhart, 844 F.3d at 510 ("[E]vidence of the victims' pre- and post-indictment acts of prostitution would be irrelevant to this case as it does not make . . . more or less probable the fact that Appellants caused their victims to engage in a commercial sex act during the time period alleged in the indictment.") (punctuation modified); Mack, 808 F.3d at 1084 (rejecting the defendant's argument that victims' prior histories of prostitution were relevant to show that the victims consented to acts of prostitution while working for him); United States v. Rivera, 799 F.3d 180, 185 (2d Cir. 2015) ("Evidence of victims' prior acts of commercial sex is irrelevant to whether those victims were coerced into working as prostitutes.") (emphasis in original); United States v. Valenzuela, 495 F. App'x 817, 819–820 (9th Cir. 2012) ("Appellants cannot show the relevance of questions about prior prostitution to either Appellants' knowledge of the use of force, fraud, or coercion, or the victims' consent to work in prostitution.").

In the present case, the Government appears to be proceeding on theories that Bell and the other Defendants forced and coerced the victims into prostitution. The Government alleged in the superseding indictment that Bell distributed narcotics to the sex-trafficking victims to coerce them into committing commercial sex acts. See Superseding Indictment. Specifically, the victims were allegedly coerced into committing sex acts in exchange for rooms at the Victory Inn and for drugs to support their addictions. See United States v. Nero, No. 17-20183, 2018 WL 10075971, at *1 (E.D. Mich. Apr. 16, 2018). Further, Defendants allegedly employed beatings, various threats, and other degrading actions to coerce the human-trafficking victims into commercial sex acts. Id. at *4. The authorities cited above firmly establish that a victim's history of prostitution is irrelevant to whether she was forced or coerced into engaging in the commercial sex acts

5

underlying the charges at issue. Consequently, exclusion of this evidence under Rule 412 would not violate the Fifth Amendment to the extent that the defense seeks to rebut the Government's theories of force and coercion.

The Court, however, is unaware of any authority holding that a victim's history of prior prostitution is irrelevant to whether she was thereafter defrauded into engaging in the commercial sex acts giving rise to the charges.[4] Given the dearth of authority on this issue, the analysis regarding the admissibility of a victim's history of prostitution may differ were the Government to proceed on a theory of fraud. Thus, if the Government intends to proceed on such a theory, it must advise the Court of this fact at least 60 days before trial by filing a notice and supporting memorandum regarding the inadmissibility of a victim's prior history of prostitution to refute charges of sex trafficking based on fraud. Any opposition must be filed 14 days thereafter.

### B. Sixth Amendment's Confrontation Clause

The Confrontation Clause guarantees a criminal defendant the opportunity for effective cross-examination, "the principal means by which the believability of a witness and the truth of his testimony are tested." Davis v. Alaska, 415 U.S. 308, 316 (1974). Because cross-examination may reveal a witness' biases, prejudices, or ulterior motives, a violation of the Confrontation Clause occurs when a criminal defendant is "prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness . . . ."

---

[4] The Second and Seventh Circuits have excluded evidence of prior engagement in prostitution and rejected defendants' arguments that the evidence was relevant to showing the victims would not have been deceived by the defendants' false promises given their prior experience. Rivera, 799 F.3d at 185; United States v. Cephus, 684 F.3d 703, 708 (7th Cir. 2012). These courts reasoned that the victims' knowledge that sexual acts would be part of the job or that they would be beaten "does not mean that the victims therefore consented to being threatened or coerced into performing sexual acts they did not wish to perform." Rivera, 799 F.3d at 185; Cephus, 684 F.3d at 708. This reasoning only demonstrates that the evidence is irrelevant to charges involving force or coercion but does not explain why it is irrelevant to fraud.

6

Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986). A criminal defendant's right to effective cross-examination, however, is not without limitation and may give way to other legitimate interests. Michigan v. Lucas, 500 U.S. 145, 149 (1991). District courts "retain wide latitude to limit reasonably a criminal defendant's right to cross-examine a witness based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id. (punctuation modified).

If cross-examination probative of a witness's bias, prejudice, or motive to testify is curtailed, a court must evaluate two matters. Boggs v. Collins, 226 F.3d 728, 739 (6th Cir. 2000). First, the court must evaluate whether the jury was able to assess bias or improper motive through other evidence, despite the limits placed on cross-examination. Id. Second, even if cross-examination is hindered to such a degree that the Confrontation Clause is implicated, the court must apply a balancing test to weigh the defendant's interest in impeaching the witness against the state's competing interest in excluding the evidence—for example, to protect sex-trafficking victims from surprise, harassment, or invasion of privacy. Id. In addition, to be admissible, the probative value of the evidence elicited on cross-examination must not be substantially outweighed by the danger of unfair prejudice or confusion. Fed. R. Evid. 403.

Bell maintains that exclusion of evidence regarding the victims' pre- and post-indictment acts of prostitution would violate the Confrontation Clause by preventing him from effectively impeaching the victims on cross-examination. Mot. at 7–8. He advances three avenues of impeachment that he claims would expose the victims' bias, improper motives, or lack of credibility. Id. at 8. First, Bell posits that the victims worked for other pimps whom they seek to shield from prosecution by falsely accusing Bell. Id. at 8. Second, Bell speculates that the victims were closely involved in managing their own prostitution such that they have accused Bell in order

7

to shield themselves from potential prosecution. Id. Third, because victims frequently enter into agreements with law enforcement providing for compensation, housing, or immunity in exchange for their agreement not to engage in criminal activity, Bell maintains that evidence that the victims violated these agreements by subsequently engaging in prostitution would impair their credibility. Id.

The Sixth Circuit squarely rejected Bell's first two arguments in United States v. Jackson, 627 F. App'x 460, 463–464 (6th Cir. 2015). In that case, the defendant argued that the district court erred by excluding evidence of two minor victims' histories of prostitution, as this evidence would have revealed the victims' motives to falsely accuse the defendant to avoid prosecution themselves or to shield their true pimp from prosecution. Id. at 462. In rejecting these arguments, the Sixth Circuit observed that the victims' motives for testifying were drawn out through other evidence—namely, the victims' admissions that they agreed to testify against the defendant in exchange for immunity from prosecution. Id. at 463. Additionally, the Government's interest in protecting the victims' privacy outweighed the defendant's Sixth Amendment interests, as the proposed lines of cross-examination strayed from "prototypical" forms of bias. Id. at 464. The Sixth Circuit agreed with the district court's assessment that the defendant's theory that the victims accused him in a calculated scheme to protect themselves and another pimp was "'not a natural inference and appears to be based on little more than speculation.'" Id. (quoting United States v. Jackson, No. 1:13-CR-246, 2014 WL 1660062, at *2 (W.D. Mich. Apr. 25, 2014)). Given the "tenuous inferences" necessary to connect the victims' histories of prostitution to their alleged bias against the defendant, the Sixth Circuit found the Confrontation Clause implications to be negligible. Id.

8

Evidence of the victims' histories of prostitution likewise must be excluded in this case. Bell may delve into the victims' motives to protect themselves from prosecution by questioning them regarding any agreements to testify against Bell in exchange for immunity from prosecution. See id. at 463. And while evidence regarding the victims' pre- and post-indictment prostitution is inadmissible, Bell is permitted to question the victims regarding the extent of their involvement in the prostitution that is the subject of the indictment. See Haines, 918 F.3d at 698 ("Defendant is free to explore whether the Victims engaged in the prostitution activities at issue in this case on their own, rather than with his assistance.") (punctuation modified). Additionally, Bell may impeach the victims through other permissible means, such as by questioning the victims about "their prior drug use, their possible bias against [Bell], whether they consented to prostitute for [Bell] during the timeframe alleged in the indictment, and whether they were coerced into prostitution or motivated by money." See Lockhart, 844 F.3d at 510.[5]

Moreover, Bell's theory that a victim's prior association with another pimp will demonstrate that she is shielding that pimp from prosecution by falsely accusing Bell is an untenable stretch of logic. As the Sixth Circuit held in Jackson, it is simply not a natural inference that a victim would commit perjury in order to protect a pimp for whom she previously worked. See 627 F. App'x at 464. Thus, Bell's negligible interest in this line of cross-examination is overcome by the Government's strong interest in protecting the victims from embarrassment and harassment. Alternatively, as reasoned by the district court in Jackson, such evidence would be

---

[5] Bell suggests that in Lockhart, the district court permitted some cross-examination regarding the victims' histories of prostitution. Mot. at 9–10. To the contrary, Lockhart excluded such evidence but permitted cross-examination regarding the alleged sex trafficking that was the subject of the prosecution. 844 F.3d at 510.

9

properly excluded under Rule 403, as its limited probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. See Jackson, 2014 WL 1660062, at *2.

With respect to Bell's third argument that the victims could be discredited by showing that they violated an agreement not to engage in criminal activity, this theory also lacks merit. As with Bell's previous arguments, there is simply no logical connection between a victim's breach of an agreement to refrain from engaging in prostitution or other criminal acts and her credibility in accusing Bell of sex trafficking. Even if some tangential logic were discernible, Bell's interest in pursuing this line of questioning is significantly outweighed by the Government's interest in protecting the victims' privacy. Exclusion is, therefore, proper under Rule 412. Alternatively, the limited probative value of a victim's post-indictment acts of prostitution is substantially outweighed by the danger of unfair prejudice and confusion of the issues, and such testimony is properly excluded under Rule 403.[6]

Accordingly, exclusion of evidence regarding the victims' pre- and post-indictment prostitution does not violate Bell's rights under the Confrontation Clause.

**C. Production of Evidence**

Finally, Bell requests the Government's production of evidence it seeks to exclude under Rule 412. Bell, however, has not cited any authority supporting his position that he is entitled to production of this material. Further, as discussed above, this evidence is properly excluded under the broad protections of Rule 412 and, therefore, is immaterial to Bell's preparation of his defense and not subject to disclosure under Federal Rule of Criminal Procedure 16. Accordingly, the Court

---

[6] In any event, the Government represents that law enforcement did not enter into any such agreements with the victims in this case. Resp. at 13 n.2.

declines to order the Government's production of any evidence it may have regarding the victims' pre- and post-indictment engagement in prostitution.

### III. CONCLUSION

For the reasons stated above, Bell's motion is denied (Dkt. 419).

SO ORDERED.

Dated: May 26, 2021　　　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge