UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-1 DARRICK BELL,

        Defendant.

                      /

Case No. 17-20183

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING IN PART DEFENDANT'S MOTION TO ORDER THE GOVERNMENT TO PROVIDE A FOUNDATIONAL BASIS FOR PROPOSED VIDEO EVIDENCE (Dkt. 421) AND DIRECTING THE GOVERNMENT'S PRODUCTION OF SURVEILLANCE VIDEO TRANSCRIPTS**

This criminal case involves multiple defendants, all of whom have been charged with involvement in a complex drug- and sex-trafficking conspiracy and related crimes at the Victory Inn, a hotel in Detroit, Michigan. Defendant Darrick Bell has filed a motion to exclude irrelevant and prejudicial surveillance video evidence or, in the alternative, to order the Government to provide a foundational basis for the video evidence it intends to introduce at trial (Dkt. 421).[1] The Government filed a response in opposition to Bell's motion (Dkt. 458), to which Bell replied (Dkt. 468).[2] For the reasons discussed below, the Court grants Bell's motion in part.

The Government has produced 14,000 hours of surveillance video documenting events at the Victory Inn, from which the Government has produced lists identifying approximately 1,850 allegedly inculpatory events. Mot. at 2; Resp. at 3. These lists include the dates, times,

---

[1] Defendants Harold Nero, Shelvie Avery, Janette Gaggo Tawfik, Terry Pruitt, and Charles Ford have each filed a notice of joinder concurring in the relief sought in this motion. See Notices of Joinder (Dkt. 423, Nero; Dkt. 425, Avery; Dkt. 426, Tawfik; Dkt. 427, Pruitt; and Dkt. 452, Ford).

[2] Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

and brief descriptions of the events, and the entries document activities such as people behaving "erratically," vomiting, punching one another, or walking around the Victory Inn nude. Mot. at 2; Camera 8 Event Log (Dkt. 483) (sealed). Bell maintains that these descriptions are so vague as to prevent Defendants from assessing the relevance of the video to the charged conspiracy and from meaningfully challenging the admissibility of each event. Id. at 3. Accordingly, Bell asks the Court to order the Government to provide foundational explanations setting forth the relevance of each event it intends to admit during trial. Id. Alternatively, Bell seeks to exclude the entirety of the video evidence as irrelevant or unduly prejudicial. Id.

During a status conference held on May 5, 2021, the Court directed the parties to confer regarding the Government's pretrial identification of the surveillance video footage it intends to present at trial. 5/10/21 Order (Dkt. 616). The parties thereafter filed a joint statement setting forth their respective positions. Joint Statement (Dkt. 625). The Government proposes that from the lists of 1,850 inculpatory events, it will identify 400 video segments (spanning 33 hours) that it may present at trial. Id. at 3. The Government would identify these segments in four tranches of approximately 100 segments each, with an opportunity for the defense to submit objections following each production. Id. at 2–3. The Government's proposed timeline for producing the four tranches spans from 150 days before trial for the first tranche to 60 days before trial for the final tranche. Id. at 4–5. Defendants, by contrast, seek the Government's disclosure, 120 days before trial, of detailed explanations of the relevance of each video it intends to present at trial. Id. at 9–10.

Relatedly, the parties dispute the deadline by which the Government must produce transcripts of the audio portions of the surveillance video it will present at trial. The Court previously ordered the Government to produce these transcripts 120 days before trial. 4/29/21 Opinion at 12 (Dkt. 610). In the joint statement, the Government seeks to modify this deadline

and proposes producing the transcripts in two tranches: 50 transcripts to be produced 90 days before trial and another 50 transcripts to be produced 45 days before trial. Joint Statement at 10–11. The Government proposes that Defendants may submit objections to any disputed portions of the transcripts following these productions. Id. at 11. Defendants, however, seek production of the transcripts 120 days before trial and request identification of who drafted the transcripts, the witnesses testifying about the transcripts, and the evidentiary basis for admitting the transcripts. Id. at 15.

Federal Rule of Evidence 611(a) authorizes trial courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Because "[t]he ultimate responsibility for the effective working of the adversary system rests with the judge," Fed. R. Evid. 611 Advisory Committee's Note to 1972 Proposed Rules, district courts are accorded "considerable discretion in controlling the mode and order of the proof at trial," United States v. Lash, 937 F.2d 1077, 1087 (6th Cir. 1991). In complex cases involving multiple parties, for example, courts "should encourage the parties to cooperate in, coordinate, and streamline, the presentation of evidence and the making of objections[.]" ABA Civil Trial Practice Standards (2008). Additionally, time limits on the presentation of evidence may be imposed under Rule 611(a) "to avoid wasting time and to ensure that a case is speedily and efficiently heard." 4 Jack B. Weinstein, et al., Weinstein's Federal Evidence § 611.02 (2d ed. 2018).

Given the overwhelming magnitude of video evidence involved in this case, the Court must ensure that the presentation of this evidence to the jury is streamlined. Although the Government proposes narrowing the lists of 1,850 allegedly inculpatory video events to approximately 400 video segments that may be presented at trial, those 400 segments comprise

3

33 hours of video. Presenting this volume of video to the jury may well be oppressive, especially if it contains duplicative evidence. Moreover, the Court agrees with Bell's view that objections to the admissibility of the video segments should be resolved, to the extent practicable, before trial. Reply at 4. Doing so will minimize the number of objections interrupting the flow of trial and avoid requiring the Court to shuttle the jury in and out of the courtroom for the Court to review video and address objections. The same concerns counsel the need to establish an orderly process for pretrial review of transcripts of audio that the Government intends to play for the jury.

Therefore, in its discretion under Rule 611(a) to promote maximum trial efficiency, the Court implements the following deadlines and procedures:

- 120 days before trial, the Government must identify and disclose to the Court and Defendants the segments of surveillance video it intends to present at trial. This disclosure must include brief descriptions of the relevance of the video, but need not identify the witness or expert who will testify regarding the events depicted in the video. This requirement will not preclude the Government from presenting additional video segments to the extent the need for the additional segments could not be reasonably anticipated before trial.

- Each Defendant must file a memorandum setting forth any objections to the admissibility of the video no later than 21 days after the Government's disclosure of the video. The Government must file its response to these objections no later than 21 days after they are filed.

- 120 days before trial, the Government must produce to the Court and Defendants transcripts of the audio portions of the surveillance videos it intends to present at trial. This disclosure must include brief descriptions of the relevance of the transcripts.

4

This requirement will not preclude the Government from presenting additional audio segments to the extent the need for the additional segments could not be reasonably anticipated before trial.

- Each Defendant must file a memorandum setting forth any objections to portions of the transcripts for inaccuracy, unintelligibility, or otherwise no later than 21 days after the Government's production. The Government must file its response to these objections no later than 21 days after they are filed.

SO ORDERED.

Dated: June 1, 2021　　　　　　　　　　　　s/Mark A. Goldsmith
Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge