# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 17-20183 |
| Plaintiff, | HON. MARK A. GOLDSMITH |
| v. | VIOLATIONS: |
| D-1 DARRICK DERNARD BELL, a/k/a "Tone," "Ghost," | 18 U.S.C. § 1591(a)<br>18 U.S.C. § 1594(c) |
| D-5 HAROLD LASHAWN NERO, a/k/a "Nephew" | 21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 846 |
| D-7 CHARLES THOMAS FORD JR., a/k/a "Chuck D," | 21 U.S.C. § 856(a)(1)<br>18 U.S.C. § 2 |
| Defendants. | |

FILED USDC - CLRK DET
2021 SEP 21 PM 2:50

## Second Superseding Indictment

The Grand Jury Charges:

## General Allegations

At all times relevant to this Second Superseding Indictment:

1. A woman, Adult Victim One ("AV-1"), whose identity is known to the Grand Jury, was the victim of the crimes alleged in Counts One and Two. AV-1 was a resident of the Eastern District of Michigan and was over the age of eighteen.

2. A woman, Adult Victim Two ("AV-2"), whose identity is known to the Grand Jury, was the victim of the crimes alleged in Counts One and Three. AV-2 was a resident of the Eastern District of Michigan and was over the age of eighteen.

3. A woman, Adult Victim Four ("AV-4"), whose identity is known to the Grand Jury, was the victim of the crimes alleged in Counts One and Four. AV-4 was a resident of the Eastern District of Michigan and was over the age of eighteen.

4. A woman, Adult Victim Five ("AV-5"), whose identity is known to the Grand Jury, was the victim of the crimes alleged in Counts One and Five. AV-5 was a resident of the Eastern District of Michigan and was over the age of eighteen.

## Count One

*(18 U.S.C. § 1594(c)—Sex trafficking conspiracy; 18 U.S.C. § 2—Aiding and Abetting)*

D-1 DARRICK DERNARD BELL
D-5 HAROLD LASHAWN NERO
D-7 CHARLES THOMAS FORD JR.

From on or about 2015, and continuing through on or about January 12, 2017, in the Eastern District of Michigan, and elsewhere, Defendants DARRICK DERNARD BELL, HAROLD LASHAWN NERO, and CHARLES THOMAS FORD JR., and others, both known and unknown to the Grand Jury, in and affecting interstate and foreign commerce, knowingly and intentionally combined, conspired, confederated, and agreed with one another and others, both known and unknown to the Grand Jury, to knowingly recruit, entice, harbor, transport, provide, obtain, and maintain, by any means, AV-1, AV-2, AV-4, AV-5, and others, both known and unknown to the Grand Jury, and benefitted, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in

2

reckless disregard of the fact that force, threats of force, coercion, and any combination of such means would be used to cause AV-1, AV-2, AV-4, AV-5, and others, both known and unknown to the Grand Jury, to engage in commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a) and 1591(b)(1); all in violation of Title 18, United States Code, Sections 1594(c) and 2.

### Count Two

*(18 U.S.C. § 1591(a) and (b)—Sex trafficking by force and coercion; 18 U.S.C. § 2—Aiding and Abetting)*

D-1   DARRICK DERNARD BELL
D-5   HAROLD LASHAWN NERO
D-7   CHARLES THOMAS FORD JR.

From on or about 2015, and continuing through on or about January 12, 2017, in the Eastern District of Michigan, and elsewhere, Defendants DARRICK DERNARD BELL, HAROLD LASHAWN NERO, and CHARLES THOMAS FORD JR., and others, both known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained, in and affecting interstate and foreign commerce, AV-1, a person known to the Grand Jury, and benefited, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that force, threats of force, coercion, and any combination of such means, would be used to cause AV-1 to engage in a commercial sex act; all in violation of Title 18,

United States Code, Sections 1591(a) and (b) and 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability).

### Count Three

*(18 U.S.C. § 1591(a) and (b)—Sex trafficking by force and coercion;
18 U.S.C. § 2—Aiding and Abetting)*

D-1    DARRICK DERNARD BELL
D-5    HAROLD LASHAWN NERO
D-7    CHARLES THOMAS FORD JR.

From on or about 2016, and continuing through on or about January 12, 2017, in the Eastern District of Michigan, and elsewhere, Defendants DARRICK DERNARD BELL, HAROLD LASHAWN NERO, and CHARLES THOMAS FORD JR., and others, both known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained, in and affecting interstate and foreign commerce, AV-2, a person known to the Grand Jury, and benefited, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that force, threats of force, coercion, and any combination of such means, would be used to cause AV-2 to engage in a commercial sex act; all in violation of Title 18, United States Code, Sections 1591(a) and (b) and 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability).

4

## Count Four

*(18 U.S.C. § 1591(a) and (b)—Sex trafficking by force and coercion;
18 U.S.C. § 2—Aiding and Abetting)*

D-1   DARRICK DERNARD BELL
D-5   HAROLD LASHAWN NERO
D-7   CHARLES THOMAS FORD JR.

From on or about 2015, and continuing through on or about January 12, 2017, in the Eastern District of Michigan, and elsewhere, Defendants DARRICK DERNARD BELL, HAROLD LASHAWN NERO, and CHARLES THOMAS FORD JR., and others, both known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained, in and affecting interstate and foreign commerce, AV-4, a person known to the Grand Jury, and benefited financially and by receiving anything of value from participation in a venture which has engaged in such acts, knowing and in reckless disregard of the fact that force, threats of force, coercion, and any combination of such means, would be used to cause AV-4 to engage in a commercial sex act; all in violation of Title 18, United States Code, Sections 1591(a) and (b) and 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability).

## Count Five

*(18 U.S.C. § 1591(a) and (b)—Sex trafficking by force and coercion;  
18 U.S.C. § 2—Aiding and Abetting)*

D-1 DARRICK DERNARD BELL  
D-5 HAROLD LASHAWN NERO  
D-7 CHARLES THOMAS FORD JR.

From on or about 2015, and continuing through on or about January 12, 2017, in the Eastern District of Michigan, and elsewhere, Defendants DARRICK DERNARD BELL, HAROLD LASHAWN NERO, and CHARLES THOMAS FORD JR., and others, both known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained, in and affecting interstate and foreign commerce, AV-5, a person known to the Grand Jury, and benefited, financially and by receiving anything of value, from participation in a venture which has engaged in such acts, knowing and in reckless disregard of the fact that force, threats of force, coercion, and any combination of such means, would be used to cause AV-5 to engage in a commercial sex act; all in violation of Title 18, United States Code, Sections 1591(a) and (b) and 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability).

## Count Six

*(21 U.S.C. § 846—Conspiracy to Distribute a Controlled Substance;
21 U.S.C. §§ 841(a)(1); 841(b)(1)(A); 841(b)(1)(B); 18 U.S.C. § 2—Aiding and Abetting)*

D-1  DARRICK DERNARD BELL
D-5  HAROLD LASHAWN NERO
D-7  CHARLES THOMAS FORD JR.

From on or about 2015, and continuing through on or about January 12, 2017, in the Eastern District of Michigan, and elsewhere, defendants DARRICK DERNARD BELL, HAROLD LASHAWN NERO, and CHARLES THOMAS FORD JR., knowingly and intentionally conspired and agreed with each other and with others, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute controlled substances.

### Quantity of Controlled Substances Involved in the Conspiracy

1. With respect to defendants DARRICK DERNARD BELL, HAROLD LASHAWN NERO, and CHARLES THOMAS FORD JR., the controlled substances involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them are:

   A. 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance; and

   B. 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846, and Title 18, United States Code, Section 2.

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. It was part of the conspiracy that the conspirators possessed with the intent to distribute and distributed controlled substances in the Eastern District of Michigan. The controlled substances intended for further distribution as a part of the conspiracy included the following: (A) a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance; and (B) of a mixture or substance containing a detectable heroin, a Schedule I controlled substance.

2. Defendant DARRICK DERNARD BELL acted as a leader, manager, and supervisor of the organization.

3. Codefendant Shelvie Lewis Avery acted as supervisor of the organization.

4. Defendant CHARLES THOMAS FORD JR, sold illegal narcotics for the organization.

5. Coconspirators Michael Anthony Randol, and others, known and unknown to the Grand Jury, acted in various capacities, including, but not limited to

selling illegal narcotics as well as serving as enforcers; collecting money for and protecting members of the conspiracy.

6. It was part of the conspiracy that Defendants and the coconspirators held meetings at the Victory Inn hotel (the "Victory Inn") located at 9430 Michigan Avenue, Detroit, Michigan, and other nearby locations to coordinate their illegal narcotics trafficking and other criminal activities at the Victory Inn.

7. Defendants and the coconspirators also processed cocaine into cocaine base in rooms at the Victory Inn.

8. Defendants and the coconspirators possessed with the intent to distribute and distributed large volumes of substances with cocaine base and heroin to customers and allowed customers to use those illegal narcotics within rooms they controlled at the Victory Inn.

9. Defendants managed, controlled, and profited from rooms which they rented and leased to individuals who possessed illegal narcotics and engaged in commercial sex acts.

10. It was part of the conspiracy that Defendants distributed illegal narcotics to human-trafficking victims at the Victory Inn to control and coerce those victims into committing commercial sex acts at the Victory Inn and other locations.

11. It was part of the conspiracy that Defendants distributed illegal narcotics to "Johns," individuals who paid for commercial sex acts, to draw them to

the Victory Inn to purchase drugs, engage in commercial sex acts, and increase profits for members of the conspiracy.

12. It was part of the conspiracy that Defendants used internal hotel video surveillance to monitor the organized narcotics-distribution activities at the Victory Inn.

13. It was part of the conspiracy that Defendants possessed, used, and carried firearms to further their illegal activities at the Victory Inn, including, but not limited to, on January 12, 2017, when an unindicted co-conspirator possessed a loaded .38 revolver to protect illegal narcotics at the Victory Inn.

All in violation of Title 21, United States Code, Section 846.

## Count Seven

*(21 U.S.C. § 856(a)(1)—Maintaining Drug-Involved Premises;
18 U.S.C. § 2—Aiding and Abetting)*

D-1 DARRICK DERNARD BELL
D-5 HAROLD LASHAWN NERO
D-7 CHARLES THOMAS FORD JR.

From on or about 2015, and continuing through on or about January 12, 2017, in the Eastern District of Michigan, Defendants DARRICK DERNARD BELL, HAROLD LASHAWN NERO, and CHARLES THOMAS FORD JR., unlawfully and knowingly leased, rented, used, and maintained a place located at the Victory Inn Hotel, located at 9430 Michigan Avenue, Detroit, Michigan, for the purpose of manufacturing, distributing, and using Schedule I controlled substances and

Schedule II controlled substances, in violation of Title 21, United States Code, Section 856(a) and Title 18, United States Code, Section 2.

### Count Eight

*(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)—Possession with Intent to Distribute a Controlled Substance)*

D-1    DARRICK DERNARD BELL

On or about July 31, 2019, in the Eastern District of Michigan, Defendant DARRICK DERNARD BELL knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### Prior Convictions – Sentencing Enhancements

Pursuant to Title 21, United States Code, Sections 841 and 851, the Grand Jury finds that, before Defendant DARRICK DERNARD BELL committed the offenses charged in Counts Six and Eight of this Second Superseding Indictment, DARRICK DERNARD BELL had two final convictions for serious violent felonies, namely, Homicide – Second Degree, in Case No. 9500359501, in Wayne County, Michigan, for which he served more than 12 months of imprisonment; and Assault with a Dangerous Weapon, in Case No. 8900433801, in Wayne County, Michigan, for which he served more than 12 months of imprisonment.

Pursuant to Title 21, United States Code, Sections 841 and 851, the Grand Jury finds that, before defendant HAROLD LASHAWN NERO committed the offense charged in Count Six of this Second Superseding Indictment, HAROLD LASHAWN NERO had a final conviction for a serious drug felony, namely, Felony Controlled Substance – Delivery/Manufacture Cocaine, Heroin, or Another Narcotic Less than 50 Grams, in Case No. 0500675501, in Wayne County, Michigan, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense; and HAROLD LASHAWN NERO had a final conviction for a serious violent felony, namely, Assault with a Dangerous Weapon, in Case No. 9500530601, in Wayne County, Michigan, for which he served more than 12 months of imprisonment.

## Forfeiture Allegations

*(18 U.S.C. § 981 and 28 U.S.C. § 2461)*

1. The allegations above, contained in this Second Superseding Indictment, are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

2. As a result of violating Title 18, United States Code, Sections 2, 1591(a), and 1594(c), and Title 21, United States Code, Sections 841(a)(1), 846, 856(a)(1), and 856(a)(2), as set forth in this Second Superseding Indictment,

12

Defendants shall forfeit to the United States any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

3. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of Defendants:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third party;

(c) Has been placed beyond the jurisdiction of the Court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461, to seek to forfeit any other property of Defendants up to the value of the forfeitable property described above.

4. Money Judgment: Upon conviction of the violations alleged in this Second Superseding Indictment, the United States will seek a forfeiture money judgment against Defendants in an amount equal to the total amount of proceeds obtained as a result of Defendants' violations of Title 18, United States Code, Sections 2, 1591(a), and 1594(c), and Title 21, United States Code, Sections

841(a)(1), 846, 856(a)(1), and 856(a)(2), as alleged in this Second Superseding Indictment.

SAIMA S. MOHSIN
Acting United States Attorney

*This Is A True Bill.*

*s/Grand Jury Foreperson*
Grand Jury Foreperson

*s/Craig Wininger*
Craig Wininger
Chief, Violent and Organized Crime Unit
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226

*s/Matthew Roth*
Matthew Roth
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226

*s/Lisandra Fernandez Silber*
Lisandra Fernandez-Silber
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226

*s/Blake Hatlem*
Blake Hatlem
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226

*s/Jerome Gorgon*
Jerome Gorgon
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226

Dated: September 21, 2021

# ORIGINAL

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>17-20183 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: _MJR_ |

**Case Title:** USA v. Darrick Dernard Bell, et al.

FILED USDC - CLRK DET
2021 SEP 21 PM 2:50

**County where offense occurred:** Wayne

**Check One:** ☒ Felony  ☐ Misdemeanor  ☐ Petty

___ Indictment/___ Information --- **no prior complaint.**
___ Indictment/___ Information --- **based upon prior complaint** [Case number: ____]
_✓_ Indictment/___ Information --- **based upon LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 17-20183          **Judge:** Mark A. Goldsmith

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| Darrick Dernard Bell (D-1) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) Possession with Intent to Distribute a Controlled Substance (New Charge) | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

9/21/21
Date

Matthew Roth
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9186
Fax: (313) 226-5464
E-Mail address: Matthew.Roth@usdoj.gov
Attorney Bar #: P58549

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.