UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                       CASE NUMBER 17-20183

   -v-                             HON. MARK A. GOLDMSITH

D-1 DARRICK DERNARD BELL,
D-5 HAROLD LASHAWN NERO
D-7 CHARLES THOMAS FORD, JR.

      Defendants.
_____/

## GOVERNMENT'S IDENTIFICATION OF AND FOUNDATIONAL BASIS FOR PROPOSED VIDEO EVIDENCE

On June 1, 2021, the Court ordered the government to "identify and disclose the segments of surveillance video it intends to present at trial." (ECF No. 632, PageID.3428). Further, the government was ordered to produce "transcripts of the audio portions of the surveillance videos it intends to preset at trial." (ECF No. 632, PageID.3428).

The government herein has identified the video segments, and a brief description of the relevance of each segment, it intends to present at trial.

The transcripts of the audio portions of the surveillance videos are attached herein as Exhibit I.

In total, the government has selected approximately 3 hours and 25 minutes of video to potentially present at trial.

## I. INTRODUCTION

At trial, the government will introduce testimony that D-1, Darrick Bell, was the leader of both the sex and drug trafficking conspiracies charged in the Second Superseding Indictment. The testimony is expected to show that Bell and his coconspirators recruited, enticed, and harbored women at the Victory Inn, who were addicted to controlled substances. They knew that these women would go to extreme lengths to support their drug habits. The members of the conspiracy exploited this weakness and used the women's addictions as a tool of manipulation and control. By controlling their access to drugs, members of the conspiracy coerced the women to engage in commercial sex acts, as defined in 18 U.S.C. § 1591(e)(3). The conspirators also resorted to violence and/or threats of violence to force and coerce women to engage in commercial sex acts.

The videos identified below create a mosaic of the drug and sex trafficking conspiracies. Instead of small pieces of colored stone, this mosaic consists of short videos, recorded over 46 days. An individual video, in isolation, does not show the whole picture. But, when put together, the videos provide a clear picture of both the drug and sex trafficking conspiracies.

## II. BACKGROUND OF THE INVESTIGATION

Approximately 200 law enforcement officers executed a search warrant at the Victory Inn on January 12, 2017. That day, the Department of Homeland Security seized the Victory Inn internal security system. A subsequent forensic examination of the system revealed surveillance footage from November 27, 2016 through January 12, 2017 (the "video time frame"). The system's hard drive recorded on a loop which continually overrode the oldest recordings. The system only maintained approximately 46 days' worth of the most recent footage. The clips, summarized below, are from the 46 days prior to the execution of the search warrant at the Victory Inn.

To aid the Court, the government proffers that the following evidence will be presented at trial:

D-1, Darrick Bell (a.k.a. "Tone", "Ghost"), ran the Victory Inn. He was the largest supplier of illegal narcotics to members of the conspiracy. Bell controlled the Victory Inn.

D-2, Janette Gaggo Tawfik, was one of three hotel clerks that worked at the Victory Inn. She acted as Bell's eyes and ears. During the video time frame, Bell infrequently visited the Victory Inn because of his fear of law enforcement. Bell heavily relied on Tawfick to ensure, in part, that the sex and drug conspiracies

continued to function. Tawfik was also responsible for collecting the proceeds from both.

D-3, Shelvie Avery (a.k.a. "Q"), was Bell's number two. Avery, along with Tawfick, helped facilitate Bell's sex and drug trafficking conspiracies. Avery facilitated both the sale of illegal narcotics and the sex trafficking. He sold more drugs than any other member of the conspiracy other than Bell.

D-4, Terry Pruitt (a.k.a. "T"), was another drug dealer and sex trafficker who resided at the Victory Inn. Pruitt was not a member of Bell's sex trafficking and drug conspiracies. At some point, Pruitt was ordered to leave the Victory Inn by Bell through Tawfik.

D-5, Harold Lashawn Nero (a.k.a. "Nephew" or "Shawn"), was a participant in, and an enforcer for, both the sex and drug trafficking conspiracies.

D-6, Michael Anthony Randol (a.k.a. "Man"), was a participant in both the sex and drug trafficking conspiracies.

D-7, Charles Thomas Ford Jr. (a.k.a. "Chuck D"), was a participant in both the sex and drug trafficking conspiracies. Ford does not appear in any of the videos because he was not at the Victory Inn during the video time frame. Ford was arrested on November 12, 2016, by the Dearborn Police Department and remained in custody through the date Homeland Security executed the search warrant at the Victory Inn.

D-8, Jack Hana Yako, was a hotel clerk for the Victory Inn. He was fully aware of Bell and Bell's illegal activities that took place at the Victory Inn.

D-9, Kemal Gabrail, was a hotel clerk at the Victory Inn. He was fully aware of Bell and Bell's illegal activities that took place at the Victory Inn.

Coconspirator, Bryant Daugherty, was a participant in, and an enforcer for, both the sex and drug trafficking conspiracies.

Exhibit K is a diagram of the Victory Inn. Exhibit K illustrates the location of each room, each camera, and the direction each camera faces.

Regarding Exhibits A through H, and J, the time stamp on all the videos are two hours behind the actual time. For each video, the actual time is listed under the date in the first column. The second column identifies the name of the file that contains the video segment the government is seeking to admit. The third column is the time stamp of each segment. The beginning and end of each video segment is identified using the time stamp on the video, not the actual time.

### III. SUMMARY OF VIDEO CLIPS

####   A.   Camera One (Exhibit A)

Cameras One and Two recorded the hotel front desk from two different angles. Camera One, unlike Camera Two, recorded audio. This is the only camera at the Victory Inn that recorded audio. The government has summarized videos

from Camera One that are, in total, approximately 62 and a half minutes long. Exhibit I are the transcripts of the audio recorded by Camera One.

    B.    <u>Camera Five (Exhibit B)</u>

Camera Five recorded the only interior (non-utility) hallway of the Victory Inn which included rooms 206 through 200. The camera was positioned next to room 205. Room 206 is behind the camera.

On January 12, 2017, during the execution of the search warrant at the Victory Inn, coconspirator Bryant Edward Daugherty was arrested in room 203. Evidence at trial will establish that Daugherty was a member of the drug and sex trafficking conspiracies. Daugherty sold drugs out of room 203. Daugherty acted as an enforcer for the members of the conspiracies.

The government has summarized videos from Camera Five that are, in total, approximately 36 minutes long.

    C.    <u>Camera Six (Exhibit C)</u>

Camera Six recorded a utility hallway at the Victory Inn. The government has only selected one video from Camera Six that is three seconds long.

    D.    <u>Camera Seven (Exhibit D)</u>

Camera Seven recorded the parking lot at the Victory Inn. The government has summarized videos from Camera Seven that are, in total, approximately 2 minutes and 25 seconds long.

E.  Camera Eight (Exhibit E)

Camera Eight recorded the second floor outdoor hallway on the southern side of the Victory Inn. This included rooms 207 through 214. Camera Eight recorded the daily bustle of numerous people entering and exiting rooms 213 and 214 at all hours of the day and night. Evidence at trial will establish that D-3, Shelvie Avery, Bell's second-in-command, lived in room 214 but controlled, at a minimum, both rooms 214 and 213. The rooms under Avery's control were the epicenter for the trafficking of controlled substances and women.

Testimony at trial will establish that Avery sold the drugs supplied to him by Bell. Evidence at trial will also establish that Avery's rooms were a one stop shop for drugs and sex dates at the Victory Inn. Throughout the day and night, Avery's room attracted drug users, "Johns," coconspirators, individuals under the influence of drugs, and women who were both drug addicts and victims of sex trafficking. Avery rented and controlled multiple rooms that housed commercial sex acts, his personal effects, sex trafficking victims, and drug users. Evidence at trial will prove that the magnitude of the drug and sex trafficking was considerable, generating substantial revenue for the conspiracy. The unending activity and constant foot traffic in and out of Avery's rooms was incongruous with the customary use of a hotel room and more comparable to a store open for business.

The government reviewed approximately 355 video clips recorded by Camera Eight. The videos help establish the existence of both the sex and drug trafficking conspiracies. The government has summarized videos from Camera Eight that are, in total, approximately 72 minutes long.

    F.    <u>Camera Nine (Exhibit F)</u>

Camera Nine recorded the second floor outdoor hallway on the northern side of the Victory Inn. This included rooms 215 (farthest room from Camera Nine) through Room 223 (closest room to Camera Nine). The government reviewed several video clips recorded by Camera Nine. The government has summarized videos from Camera Nine that are, in total, approximately two and a half minutes long.

    G.    <u>Camera Ten (Exhibit G)</u>

Camera Ten recorded the opposite end of the same hallway recorded by Camera Nine. During the video time frame, D-5, Harold Nero, was associated with several rooms, over different dates, in this hallway. Nero was recorded engaging in hand to hand transactions. He was also captured, alongside D-2, Shelvie Avery, engaged in a violent physical assault on an unknown male. The government has summarized videos from Camera Ten that are, in total, approximately 9 minutes long.

H.      Pole Camera (Exhibit H)

In November 2016, Homeland Security installed a pole camera to conduct surveillance on the Victory Inn. This camera recorded the first and second floor outdoor hallways on the northern side of the Victory Inn, which faced I-94. This included rooms 115 through 125 and 215 through 223. At times, the pole camera was controlled by law enforcement personnel who could zoom in and out. At other times, the pole camera was left to record on its own. The government reviewed hundreds of video clips recorded by the pole camera. The government summarized seven clips that are a total of 7 minutes and 37 seconds long.

I.      Assault Videos – Summary (Exhibit J)

On December 12, 2016, D-3, Shelvie Avery, was assaulted and possibly robbed at the Victory Inn. Immediately after the assault, Avery, D-5, Harold Nero, and D-6, Michael Randol, associated a man, wearing a Detroit Tiger's coat, with the robbery and assault. They found the man, who was still at the Victory Inn, and viciously assaulted him, rendering him unconscious. Nero and Randol then move the victim's limp body into an interior hallway to hide it from the outside. Nero later moves the body a second time when D-2, Janette Gaggo Tawfik, advises him that the insensible body was visible on the camera in the interior hallway. Soon after, Nero returns with coconspirator Bryant Daugherty to move the body a third

9

time. This time, Nero lifts the victim, punches the man in the face, drags him through the Victory Inn, puts him in a car, and drives away.

The entire incident implicates D-2, Janette Gaggo Tawfik, D-3, Shelvie Avery, D-5, Harold Nero, D-6, Michael Randol, and coconspirator Bryant Daugherty as members of the D-1, Darrick Bell, conspiracies. Nero's role in the assault is indisputable as the entire event was recorded by the surveillance cameras. Furthermore, the videos prove that Nero was an enforcer who held no reservations about using extreme violence to protect the other members of the conspiracies.

A series of eleven videos captured the incident from the beginning to the end. These videos are shaded in red, identified as the assault videos, and interspersed throughout Exhibits A through G, depending on the cameras that recorded the various parts of the incident. Exhibit J is a consolidated list of the assault videos in chronological order.

The government asserts that the evidence at trial will show that Nero, as a member of the conspiracy and in his role as an enforcer, along with Avery, violently assaulted the man with the Tiger's jacket as payback for the assault on Avery. The retribution was necessary to show that there were consequences for assaulting a member of the conspiracy.

Taken in conjunction with witness testimony and other videos, these videos related to the assault tend to make the existence of facts of consequence, to wit: (1) An association existed between Avery, Nero, Randol, Gaggo, and Daugherty, all members of the drug and sex trafficking conspiracies; (2) Nero and Daugherty are enforcers for themembers of the conspiracy; (3) members of the conspiracy used firearms for protection; (4) members of the conspiracy engaged in violence on behalf of the conspiracy; (5) one of Gaggo's roles was to use the surveillance cameras to protectmembers of the conspiracy engaged in illicit or illegal activities; and (6) Nero was the individual who assaulted and moved the victim's body; more probable than without the video.

## IV. CONCLUSION

The government moves this Honorable Court to find the video segments submitted by the government relevant for purposes of trial.

Saima S. Mohsin
Acting United States Attorney

/s/ Matthew Roth
Matthew Roth
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
matthew.roth2@usdoj.gov
(313) 226-9186
P58549

/s/ Lisandra Fernandez-Silber
Lisandra Fernandez-Silber
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
lisandra.fernandez-silber@usdoj.gov
(313) 226-9122

/s/ Blake S. Hatlem
Blake S. Hatlem
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
blake.hatlem@usdoj.gov
(313) 226-9613

CERTIFICATE OF SERVICE

I hereby certify that on Monday, October 04, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys on record.

Saima S. Mohsin
Acting United States Attorney

/s/ Matthew Roth
Matthew Roth
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
matthew.roth2@usdoj.gov
(313) 226-9186
P58549

/s/ Lisandra Fernandez-Silber
Lisandra Fernandez-Silber
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
lisandra.fernandez-silber@usdoj.gov
(313) 226-9122

/s/ Blake S. Hatlem
Blake S. Hatlem
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
blake.hatlem@usdoj.gov
(313) 226-9613