UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-1 DARRICK DERNARD BELL,
D-5 HAROLD LASHAWN NERO,

    Defendants.
_____/

Criminal Action No. 17-20183

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTION TO PRECLUDE THE GOVERNMENT'S PROPOSED SENTENCING ENHANCEMENT JURY INSTRUCTIONS (Dkt. 774)**

Before the Court is Defendants Darrick Dernard Bell and Harold Lashawn Nero's motion to preclude the Government's proposed sentencing enhancement jury instructions (Dkt. 774). Defendants filed a supplemental brief (Dkt. 778), the Government filed a response (Dkt. 786), and Defendants file a reply (Dkt. 789). For the reasons that follow, the Court grants in part and defers in part Defendants' motion.

**I. BACKGROUND**

Defendants are charged with participating in sex and drug trafficking conspiracies and related crimes at the Victory Inn in Detroit, Michigan. As relevant here, count six of the second superseding indictment charges Defendants with conspiring to distribute a controlled substance, and count eight charges Bell with possessing with intent to distribute a controlled substance. 2d Superseding Indictment at 7, 11 (Dkt. 681). According to the second superseding indictment, Bell has two prior convictions for serious violent felonies, i.e., second degree homicide and assault with

a dangerous weapon. Id. at 11. Nero has a prior conviction for a serious drug felony (felony controlled substance – delivery/manufacture of cocaine, heroin, or another narcotic of less than 50 grams) as well as a prior conviction for a serious violent felony, i.e., assault with a dangerous weapon. Id. at 12.

Due to Defendants' prior convictions, the Government seeks to enhance Bell's sentence for counts six and eight—and Nero's sentence for count six—pursuant to 21 U.S.C. § 841. Id. at 11. The mandatory minimum sentence for distributing or possessing with intent to distribute a controlled substance increases from 10 years to 25 years if a defendant has "2 or more prior convictions for a serious drug felony or serious violent felony." 21 U.S.C. § 841(b)(1)(A)(viii). The Government must also prove that (i) the defendant served more than 12 months' imprisonment for the prior drug offense, and (ii) the defendant's "release from any term of imprisonment was within 15 years of the commencement of the instant offense." See 21 U.S.C. § 802(57).

In advance of the upcoming trial, the parties have submitted proposed jury instructions. The Government proposed the following instruction:

> Count Six and Count Eight of the Second Superseding Indictment contains a sentencing enhancement for Defendant Darrick Dernard Bell:
>> "Pursuant to Title 21, United States Code, Sections 841 and 851, the Grand Jury finds that, before Defendant Darrick Dernard Bell committed the offenses charged in Counts Six and Eight of this Second Superseding Indictment, Darrick Dernard Bell had two final convictions, one in Case No. 9500359501, in Wayne County, Michigan, for which he served more than 12 months of imprisonment; and one, in Case No. 8900433801, in Wayne County, Michigan, for which he served more than 12 months of imprisonment."
>
> (1) If the Court has determined that Defendant Darrick Dernard Bell has a prior conviction in Case No. 9500359501, you must find:
>> (A) First, whether Defendant Darrick Dernard Bell served a term of imprisonment of more than 12 months for this prior conviction. Defendant Darrick Dernard Bell has stipulated, or agreed, to this fact.
>> (B) Second, that for this prior conviction, Defendant Darrick Dernard Bell was released from any term of imprisonment within 15 years of the dates alleged in Count Six and Count Eight. Defendant Darrick Dernard Bell has also

2

      stipulated, or agreed, to this fact. Specifically, he agrees that he was released from imprisonment on _____.
(2) If the Court has determined that Defendant Darrick Dernard Bell has a prior conviction in Case No. 8900433801, you must find:
      (A) First, that Defendant Darrick Dernard Bell served a term of imprisonment of more than 12 months for this prior conviction. Defendant Darrick Dernard Bell has stipulated, or agreed, to this fact.
      (B) Second, that for this prior conviction, Defendant Darrick Dernard Bell was released from any term of imprisonment within 15 years of the dates alleged in Count Six and Count Eight. Defendant Darrick Dernard Bell has also stipulated, or agreed, to this fact. Specifically, he agrees that he was released from imprisonment on _____.
(3) Do not use these convictions for any other purpose than deciding if the defendant served a term of imprisonment of more than 12 months for these prior convictions and whether they occurred during the time period alleged. They are not evidence of anything else.

The Government also proposes a similar jury instruction applicable to Nero.

## II. ANALYSIS

### A. Timeliness

As an initial matter, the Government argues that the Court should deny Defendants' motion as untimely because Defendants' motions deadline has passed. Resp. at 1. The Court declines to do so. The Government recently submitted its proposed jury instructions, before the Court set a deadline for proposed jury instructions. The Court, during a pretrial status conference held on March 29, 2022, asked the parties whether there was any need to address the proposed jury instructions before trial. Defense counsel represented that, because they may impact the defense's opening argument, the proposed jury instructions regarding the sentencing enhancement should be resolved before trial. The Court instructed defense counsel to file a motion regarding these instructions, and defense counsel did so later that day. Accordingly, the Court deems Defendants' motion timely and proceeds to address the merits of the motion.

### B. Merits

Defendants argue that the Court should preclude the proposed jury instructions regarding the applicability of the sentencing enhancements because "it is a legal question for the Court at sentencing rather than a jury question[]." Mot. at 1. If the question of enhancement is submitted to the jury, Defendants move "to bifurcate the trial into guilt and penalty phases." Id. The Government proposes that the Court allow the jury to decide whether each defendant served a prison sentence of more than 12 months as to each prior conviction, the date of the latest release from imprisonment as to each prior conviction, and the earliest commencement date of the charged controlled substance offenses. Resp. at 4. The Government opposes bifurcating the trial into guilt and penalty phases. The Court considers the timing of the instruction before turning to the question of whether the Court or the jury should decide the facts of the prior convictions.

#### i. Timing

Neither side has pointed the Court to any case proving that a fact of a prior conviction must be submitted to the jury before a determination of guilt. Further, it would be imprudent—and a waste of resources—to decide a fact of a prior conviction before the jury determines Defendants' guilt. The applicability of the sentencing enhancement need only be resolved if Defendants are convicted on counts six and eight. Moreover, providing such an instruction at the guilt phase could unfairly prejudice Defendants, as it might suggest to the jurors that they should find Defendants guilty of the charged offenses based on their commission of prior offenses. Accordingly, the Court will exclude the sentencing enhancement instructions from the set of instructions that will be given to the jury to decide Defendants' guilt.

### ii. Judge or Jury

The question thus becomes whether the Court or the jury should decide the facts of the prior convictions, if Defendants are convicted on counts six and eight. The parties have not pointed the Court to any case establishing that a jury must decide these facts. But as the analysis below demonstrates, case law clearly supports the position that the Court may decide these facts.

"Generally, any facts which could elevate a defendant's sentence beyond the statutory maximum must be submitted to the jury, not a judge, and proven beyond a reasonable doubt." United States v. Humphries, 308 F. App'x 892, 897 (6th Cir. 2009) (citing Apprendi v. New Jersey, 530 U.S. 466, 476 (2000)). "However, Apprendi preserved an exception for the fact of a prior conviction, which may still be found by a judge at sentencing by a preponderance of the evidence." Id. This exception is grounded in Almendarez-Torres v. United States, 523 U.S. 224 (1998), which "held earlier convictions are properly considered sentencing factors, not elements of the crime, because they go to recidivism, which is as typical a sentencing factor as one might imagine." Humphries, 308 F. App'x at 897 (punctuation modified). Almendarez-Torres was "intended to be an exceptional departure only for the prior commission of a serious crime." Humphries, 308 F. App'x at 897 (punctuation modified).

In United States v. Burgin, 388 F.3d 177 (6th Cir. 2004), the defendant challenged the use of two state court convictions that triggered the enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), claiming they occurred within days of each other and should have been counted as one course of conduct. 388 F.3d at 180. He argued the "different occasions" language of § 924(e)(1) was a fact other than the fact of a prior conviction and, therefore, should have been submitted to the jury under Apprendi. Burgin, 388 F.3d at 183. The United States Court of Appeals for the Sixth Circuit rejected this argument, explaining that "determinations by a district

5

court that prior felony convictions exist and were committed on different occasions, are so intimately related that the 'different occasions' requirement of § 924(e) sufficiently comes within the exception in Apprendi for a prior conviction." Id. at 186. "The 'different occasions' language involves the issue of recidivism, a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." Id. (punctuation modified). "Like the fact of a prior conviction, it is not a fact that pertains to the commission of the offense for which the defendant is presently charged." Id. Thus, the "different occasions" requirement of § 924(e) "cannot be significantly distinguished from the fact of a prior conviction." Id. (punctuation modified).

Just like the "different occasions" requirement of § 924(e), the factors for the enhancement under § 841(b)(1)(A) cannot be significantly distinguished from the fact of a prior conviction. As a result, the facts of the prior convictions may properly be decided by the Court.

The Sixth Circuit's Burgin decision comports with its more recent decision in United States v. Cong Duong, No. 20-6048, 2022 U.S. App. LEXIS 2831 (6th Cir. Jan. 31, 2022). There, the Sixth Circuit addressed a defendant's argument that "the fact of whether he served more than twelve months of imprisonment for his prior felony drug convictions was an 'element' of the offense of conviction that had to be submitted to the jury." Cong Duong, 2022 U.S. App. LEXIS 2831, at *6. The court concluded that "[g]iven the well-established exception . . . for the fact of a prior conviction and the absence of any binding authority holding that the First Step Act's narrowing of what qualifies as a prior conviction under § 841(b)(1) placed the prior conviction determination outside of that exception," the defendant could not show that the district court plainly erred in deciding whether his prior convictions qualified as serious drug felonies rather than submitting the question to the jury. Id. at *6–7.

6

This case fits squarely with Cong Duong. Just like the factual question of whether the Cong Duong defendant "served more than twelve months of imprisonment for his prior felony drug convictions," the factual issues of whether Defendants served more than 12 months' imprisonment for their prior convictions and were released from imprisonment within 15 years of the commencement of the instant offense fall within the well-established exception preserved by Apprendi. Pursuant to this exception, the Court may properly decide the facts of Defendants' prior convictions.

The Court is inclined to decide these facts at the sentencing phase, rather than submitting them to the jury should there be a conviction under counts six and eight.[1] The Court solicited the parties' views on its proposed approach during a conference held on April 7, 2022. The parties agreed to confer regarding this approach and the extent to which they may be able to stipulate to relevant facts. Accordingly, the Court defers its resolution of whether the Court or the jury should decide the facts of the prior convictions. However, the Court presently concludes that the jury will not consider the issues pertaining to prior convictions until, at the earliest, Defendants are convicted under counts six and eight.

### III.  CONCLUSION

For the foregoing reasons, the Court grants in part and defers in part Defendants' motion to preclude the Government's proposed sentencing enhancement instructions (Dkt. 774).

SO ORDERED.

Dated: April 8, 2022           s/Mark A. Goldsmith
  Detroit, Michigan            MARK A. GOLDSMITH
                               United States District Judge

---

[1] Accordingly, the Court declines to resolve at this time Nero's argument that he did not serve more than 12 months of imprisonment for his prior serious violent felony conviction. See Defs. Supp. Br. at 2.