UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                           Criminal Action No. 17-20183

vs.

                                                        HON. MARK A. GOLDSMITH

D-5 HAROLD LASHAWN NERO,

       Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT NERO'S MOTION IN LIMINE TO ADMIT ENTIRE
RECORDING (Dkt. 785)**

Defendant Harold Lashawn Nero is currently awaiting trial on charges concerning his alleged involvement in drug and sex trafficking conspiracies at the Victory Inn in Detroit, Michigan. By way of background, law enforcement officials executed a search warrant at the Victory Inn in January 2017. On that same day, agents arrested Nero at a residence in Detroit and questioned him. The conversation was recorded. The Government intends to introduce only portions of the recording at trial. See Recording Trans (Dkt. 791-1) (highlighting the portions of the conversation that the Government intends to use).

This matter is before the Court on Nero's motion in limine to admit the entire recording of his statements (Dkt. 785), "except any references he made about being in prison or on parole," id. at 8. The Government filed a response (Dkt. 791), and Nero filed a reply (Dkt. 794). For the reasons that follow, the Court denies Nero's motion.

## I. ANALYSIS

Nero seeks to admit the entire recording of the conversation to show that, at the time of the conversation, Nero was "heavily intoxicated after two or three days of constant binging on cocaine," to support Nero's view that his inculpatory statements "should not be given any weight" as well as his defense theory that he "was simply present in this case as a drug addict" rather than a drug dealer. Mot. at 6–7. Nero argues that admission of the entire conversation would not violate the general bar against hearsay. Id. at 7 (referencing Fed. R. Evid. 801(c)(2); Fed. R. Evid. 807). Nero also argues that playing the entire conversation is mandated under the Sixth Amendment to present a defense. Id. The Court addresses each argument in turn.[1]

**A. Hearsay**

Hearsay is any statement that (i) a declarant "does not make while testifying at the current trial" and (ii) is offered into evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). If a statement meets the definition of hearsay, it is inadmissible, see Fed. R. Evid. 802, unless it satisfies one or more of the hearsay exceptions, see Fed. R. Evid. 803, 804, 807. "The proponent of a hearsay statement bears the burden of proving each element of a given hearsay exception or exclusion." United States v. Day, 789 F.2d 1217, 1221 (6th Cir. 1986).

Nero argues that his statements are being offered to show Nero's then-existing mental or physical condition (i.e., his intoxication), not for the truth of the matters asserted. Mot. at 7 (referencing Fed. R. Evid. 801(c)(2)). The Government contends that "[t]he real reason Nero seeks

---

[1] The Government dedicates much of its response brief to its argument that Nero cannot rely on the rule of completeness to admit his own exculpatory statements. See Resp. at 3–5. The Government is correct that, although the rule of completeness allows a party to introduce additional parts of a conversation necessary to put the admitted portions in proper context, exculpatory hearsay "may not come in solely on the basis of completeness." United States v. Adams, 722 F.3d 788, 826 (6th Cir. 2013) (punctuation modified). However, Nero does not rely on the rule of completeness in arguing that the entire recording should be admitted.

to admit the other portions is because they contain his attempts to minimize and his false exculpatory statements." Resp. at 7–8. Further, "the jury will already be able to see his demeanor in the inculpatory portions of his statement—which are significant in length." Id. at 7.

The Court is unpersuaded that the remainder of Nero's statements should be admitted as non-hearsay. If Nero is truly interested only in his "demeanor," then there is no need to play self-serving portions that are otherwise inadmissible. The incriminating statements that the Government plans to introduce will be just as drug-infused as the exculpatory ones that Nero seeks to admit.

Nero also argues that the residual hearsay exception applies. Mot. at 7 (citing Fed. R. Evid. 807). Pursuant to Rule 807, a statement that otherwise qualifies as hearsay is nevertheless admissible if (i) "the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement"; and (ii) "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a).[2]

Nero cannot satisfy either requirement of Rule 807. In assessing the trustworthiness of a statement, a court "must consider the source when evaluating the reliability of this hearsay testimony." United States v. Darwich, 337 F.3d 645, 659 (6th Cir. 2003). Statements made by a declarant "when he was in a likely position to supply self-serving testimony" have minimal trustworthiness. Id. Nero made the subject statements on the same day that the Victory Inn was raided, and he attempted to implicate his co-defendants rather than himself. See Recording Trans.

---

[2] Rule 807 also has a notice requirement, Fed. R. Evid. 807(b), which Nero has satisfied, see Mot. at 7 n.1.

3

at 6 (Nero claimed that "everybody" at the Victory Inn was dealing drugs but that Nero did not "even affiliate with motherf-----s like that."). A court must also consider whether there is any separate evidence to corroborate the declarant's statements. Darwich, 337 F.3d at 660. Nero does not point to any corroborating evidence. Meanwhile, the Government points to surveillance videos from the Victory Inn that conflict with Nero's assertion that he did not participate in the drug trafficking conspiracy at the hotel. See Resp. at 9 (referencing videos showing, for instance, Nero engaged in hand-to-hand drug transactions).

Further, Nero's exculpatory statements from the recording are not more probative of his alleged intoxication than the inculpatory statements. As explained above, if Nero was intoxicated during the recorded conversation, his intoxicated demeanor should be evident in the portions of the recording that the Government intends to use at trial.

Because Nero cannot meet all of the requirements of Rule 807(a), he cannot establish that exception to the hearsay rule.

### B. Right to Present a Defense

Nero argues that he is entitled to admission of the remainder of the recording under his Sixth Amendment right to present a defense. Mot. at 4. While the Sixth Amendment precludes a court from applying hearsay rules "mechanistically to defeat the ends of justice," it does not prevent a court from requiring a defendant to "comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." Chambers v. Mississippi, 410 U.S. 284, 302 (1973). The Court has not mechanistically applied the federal hearsay rules to defeat the ends of justice. As explained above, Nero has not shown that the remainder of the recording is necessary to demonstrate his intoxication. Thus, exclusion of this evidence is not unfair. Further, admission of Nero's

statements would contravene the Federal Rules of Evidence's objective of ensuring a verdict based on reliable evidence. As discussed above, Nero has not shown that his statements meet the trustworthiness requirements of Rule 807.

The Sixth Amendment right to present a defense does not provide an adequate basis upon which to admit the entire recording.

## II.  CONCLUSION

For the foregoing reasons, the Court denies Nero's motion in limine to admit the entire recording (Dkt. 785).

SO ORDERED.

Dated:  April 8, 2022                             s/Mark A. Goldsmith
      Detroit, Michigan                          MARK A. GOLDSMITH
                                                         United States District Judge