UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-1 DARRICK DERNARD BELL,

    Defendant.
_____/

Criminal Action No. 17-20183

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING DEFENDANT DARRICK BELL'S MOTION IN LIMINE TO EXCLUDE THE GOVERNMENT'S PROPOSED EXHIBIT 2.022 (Dkt. 854)**

Defendant Darrick Dernard Bell is currently on trial for charges related to his alleged roles in sex and drug trafficking conspiracies at the Victory Inn in Detroit, Michigan. Recently, Bell filed a motion in limine to exclude the Government's proposed exhibit 2.022 (Dkt. 854).[1] On May 11, 2022, the Court granted Bell's motion on the record. The Court now sets forth in full its reasons for doing so.

**I. BACKGROUND**

The second superseding indictment charges Bell with, among other things, conspiring to sex traffic Sarah Ferrara. Ferrara testified at Bell's trial on April 26 and 27, 2022. On April 26, 2022, Ferrara testified that the last time she was at the Victory Inn was around the time that Bell allegedly beat her in September 2016. Later on April 26, 2022, Bell submitted an exhibit list, which contained a picture of Ferrara at the Victory Inn on December 6, 2016. This picture is a

---

[1] The Government filed a response (Dkt. 855) as well as a supplemental brief (Dkt. 859), and Bell filed a reply (Dkt. 856) as well as a supplemental brief (Dkt. 860).

screenshot from one of the surveillance videos collected by the Government (the Government's proposed exhibit 2.022). On April 27, 2022, defense counsel cross-examined Ferrara about her testimony regarding the last time she was at the Victory Inn. Defense counsel showed Ferrara the screenshot to refresh her recollection about being at the Victory Inn in December 2016. The screenshot was shown to Ferrara only; it was not published to the jury. Ferrara finished testifying on April 27, 2022.

On April 28, 2022, the Government amended its exhibit list, adding its proposed exhibit 2.022. The video shows Ferrara in the Victory Inn lobby on December 6, 2016 with some of Bell's alleged co-conspirators (Janette Gaggo Tawfik, Shelvie Avery, and Michael Randol). According to the Government, the video also depicts a phone call between these individuals and Bell. Resp. at 4.

Bell now moves to exclude this video as untimely and prejudicial. Bell points out that the Government failed to disclose the video before trial and that, if Bell had previously known about the video, he "would have employed different strategies and ask[ed] different questions with certain witnesses" who have now been excused, presumably including Ferrara and Tawfik. Mot. at 1–2.

## II. ANALYSIS

The Court set pretrial deadlines for the Government to disclose video evidence, coconspirator statements, and all exhibits. But the Government did not disclose proposed exhibit 2.022 until after Ferrara had finished testifying at trial and been excused. The Government suggests that this failure is excusable because proposed exhibit 2.022 is rebuttal evidence. Specifically, the Government contends that the video is necessary to rebut the defense theory that someone other than Bell and his coconspirators—namely, Ferrara's ex-boyfriend—trafficked her.

2

See Gov't Supp. Br. at 3.; Resp. at 5.² At the same time, the Government concedes that proposed exhibit 2.022 "is highly probative of [Ferrara's] presence at the Victory Inn with the charged sex traffickers and their coercion of her during the conspiracy charged in this case." Gov't Supp. Br. at 3. While the video does undermine the theory that someone else trafficked Ferrara—or that no one trafficked her—it is myopic to ignore that the video directly supports the Government's case-in-chief. As such, the video is not truly rebuttal testimony, see United States v. Caraway, 411 F.3d 679, 683 (6th Cir. 2005) ("Evidence introduced on rebuttal serves to rebut new evidence or new theories proffered in the defendant's case-in-chief . . . .") (punctuation modified), and should have been disclosed before trial or, at minimum, before Ferrara finished her testimony.

The Government's arguments to the contrary are unpersuasive. The Government faults Bell for not alerting the Government of the video before trial. See Gov't Supp. Br. at 1. But a defendant has no obligation to alert the Government to evidence that is potentially damaging to the defense and is already in the Government's possession.

The Government also complains that, even though the subject video was in its possession since 2017, it could not have found the particular video before trial due to the volume of the collected surveillance video footage that it had to review. This argument overlooks the fact that the Government had five years leading up to trial to review this footage. Given the Government's significant resources to prepare cases for trial, its failure to appreciate the video's significance in a timely manner does not justify the late disclosure of proposed exhibit 2.022.

The Government further contends that, by using the screenshot at trial, Bell "opened the door to the video clip showing who [Ferrara] was with at the time of the screenshot." Resp. at 1.

---

² Bell argues that his position is that Ferrara "was never sex trafficked and instead participated voluntarily in her actions at the Victory Inn." Def. Supp. Br. at 1.

This misconstrues how Bell's counsel used the screenshot at trial. He simply showed the screenshot to Ferrara to refresh her recollection about the last time that she was at the Victory Inn; he did not show it to the jury or argue that Ferrara was not with anyone the last time she went to the Victory Inn.

By failing to timely disclose proposed exhibit 2.022, the Government has created a situation where Bell can no longer question Ferrara about the video or, for that matter, Tawfik, who is also prominently featured in the video and has likewise finished her testimony at trial. The Government attempts to argue that, because Bell was able to locate the video, he cannot be surprised by the Government's use of it at trial. Gov't Supp. Br. at 1–2. The issue is not surprise but, rather, unfair prejudice. It is understandable that the defense would have wanted to question Ferrara or others about the video while they were still available to testify, in order to undermine the Government's theory that Bell and his coconspirators trafficked Ferrara. To avoid unfair prejudice to Bell, the Court has excluded proposed exhibit 2.022.

### III. CONCLUSION

For these reasons, the Court has granted Bell's motion in limine (Dkt. 854).

SO ORDERED.

Dated: May 18, 2022  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge