UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                                 Criminal Action No. 17-20183

vs.

                                                                        HON. MARK A. GOLDSMITH

D-1 DARRICK DERNARD BELL,
D-5 HAROLD LASHAWN NERO,

       Defendants.
_____/

**OPINION & ORDER**
**SETTING FORTH REASONS FOR GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION FOR USE OF A SUPPLEMENTAL "AFFECTING INTERSTATE COMMERCE" JURY INSTRUCTION (Dkt. 885)**

Defendants Darrick Dernard Bell and Harold LaShawn Nero were tried on charges related to their alleged roles in sex and drug trafficking operations at the Victory Inn in Detroit, Michigan. Before the jury retired to deliberate, the Court read jury instructions, including instruction no. 24, which defines the third element of sex trafficking—"affecting interstate commerce." During jury deliberations, the jury asked the Court to clarify instruction no. 24. The Court wrote back:

> To answer your question, I would need an explanation from you about what you would like clarified. If you would like clarification, please write me another note explaining what you would like clarified. Thank you.

The jury then asked the Court a series of questions concerning instruction no. 24, including: (i) "What constitutes 'communications' for interstate commerce?"; (ii) "Does use of a cellphone or the internet satisfy this requirement?"; (iii) "Does travel on an interstate highway with[in] the state of Michigan?"; and (iv) "Does the purchase of drugs or commercial sex acts affect interstate or foreign commerce?" The Government subsequently filed a motion for use of a supplemental

"affecting interstate commerce" jury instruction (Dkt. 885).[1] On the record on May 31, 2022, the Court granted in part and denied in part the motion; it gave the jury a supplemental instruction, but not the specific instruction proposed by the Government. The Court now sets forth its reasons for doing so.

## I. ANALYSIS

When it appears that the jury is "confused about an important legal issue," a court is required to provide a supplemental jury instruction to "remedy the confusion and clarify the issue." United States v. Washington, 702 F.3d 886, 894–895 (6th Cir. 2012); see also United States v. Benson, 280 F. App'x 149, 151 (3d Cir. 2008) (finding supplemental jury instruction—given in response to jury inquiry—that "expanded upon the concept of the effect on interstate commerce" and "was clarifying in its content" to be proper). Here, the jurors' questions revealed their confusion about the third element of the sex trafficking offense—"affecting interstate commerce." The Government initially proposed that the Court give a certain supplemental instruction to remedy this confusion.[2] The Court then counter-proposed the following instruction, to which the Government agreed:

---

[1] Bell filed a response (Dkt. 886), the Government filed a reply (Dkt. 887), and Nero filed an untimely memorandum (Dkt. 888). The Court heard oral argument on the motion on May 27 and 31, 2022.

[2] The Government specifically proposed that the Court give the following supplemental instruction:

> The previous instruction (Court's Instruction No. 24) defines "Affecting Interstate Commerce." Paragraphs (2) and (6) of that instruction provide that "affected" means "that the recruiting, enticing, harboring, transporting, obtaining, providing, or maintaining of the named victim had some effect upon" or "at least a minimal connection with" interstate commerce. Paragraphs (3) and (7) provide that "commerce" means "among other things, travel, trade, transportation and communication."

2

> Members of the jury, thank you for your further question about interstate commerce. Please consider this response along with all of my prior instructions, including specifically instruction no. 24.
>
> As I instructed before, in relation to any of the sex trafficking counts, the Government must prove that the offense affected interstate or foreign commerce, no matter how minimally. This means that any prohibited recruiting, enticing, harboring, transporting, obtaining, providing, or maintaining of the alleged victims had at least a minimal connection with, or some effect upon, interstate or foreign commerce. The term "commerce" includes, among other things, travel, trade, transportation and communication. The term "interstate or foreign commerce" means the movement of goods, services, money, and individuals between states (or between a state and the District of Columbia, a U.S. territory or possession, or a foreign country).
>
> You must consider all of the evidence in this case in deciding whether the Government has met its burden as to this element. You may consider things such as the alleged use of telephones and the internet, the alleged rental of hotel rooms, and the alleged use of drugs to coerce commercial sex acts, if you determine that those alleged actions meet the definition of interstate commerce.

Defendants agreed to the first two paragraphs of the Court's proposed instruction but objected to the third, arguing that the third paragraph would instruct the jury to make findings based on evidence that was not presented to the jury. In support of their position, Defendants pointed to United States v. Hatton, 643 F. App'x 574 (6th Cir. 2016). There, the defendant contested whether there was a nexus to interstate commerce sufficient to support the Hobbs Act robbery charge. Id. at 581. The trial court gave the following instruction:

> In determining whether the robbery of the M & I Smoke Shop affected interstate commerce, you should consider that a portion of the goods sold by the M & I Smoke Shop are shipped from outside the state of Kentucky and sold in this state, that a portion of the proceeds of sales or goods from the M & I Smoke Shop are used to

---

. . . In determining whether the defendant's conduct was 'in or affected interstate or foreign commerce,' you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that served interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

Mot. at 3–4 (punctuation modified).

> purchase additional goods that are shipped in from outside of the state of Kentucky, that payments for products sold by the M & I Smoke Shop are routinely transmitted to businesses located outside the state of Kentucky, and that the M & I Smoke Shop lost sales as a result of the robbery.

Id. The United States Court of Appeals for the Sixth Circuit held that this instruction "amounted to error, in that it supplanted the jury's fact-finding role, and that error was plain." Id. However, because the defendant failed to object to the trial court's jury instruction, the Sixth Circuit held that he had forfeited the error, and this forfeited error did not affect his substantial rights. Id. Therefore, the jury instruction, although flawed, did not require reversal. Id.

The Court determined that Defendants' argument that the third paragraph of the Court's proposed instruction would usurp the jury's fact-finding role like the instruction in Hatton was incorrect. Whereas the trial court in Hatton instructed the jury as to what it "should consider" in deciding whether the interstate commerce element was met, the Court's proposed instruction would merely instruct the jury as to what it "may consider" in deciding whether this element is satisfied. Further, the evidence that the Court's proposed instruction tells the jury that it "may consider" is the evidence that the jury specifically asked about—cell phones, internet, and the use of drugs to coerce commercial sex acts. The third paragraph of the Court's instruction does not tell the jury how to determine any contested issues of fact.

Defendants additionally objected to the third paragraph of the Court's proposed instruction on the ground that "there is insufficient evidence that Defendants' conduct affected interstate commerce, and therefore, there is insufficient evidence to support the additional instruction to the jury." Nero Mem. at 3; see also Bell Resp. at 3 ("Without the underlying proofs presented at trial that things such as cell phone towers, cell phones, interstate hotel customer travel, and the like arose out of Michigan, an instruction telling the jury that these things seemingly automatically establish the interstate commerce element, without actually offering evidence of their relationship

4

to interstate commerce, would violate the Sixth Amendment . . . ."). The Government replied that the trial record is "overflowing with facts supporting . . . [the third] element," including:

> [T]housands of phone calls using cell towers, thousands of uses and visits to backpage.com, hundreds of room rentals at a hotel serving out-of-state travelers, Bell driving a victim from Ohio to Michigan, Bell and Nero continuously fronting and selling drugs to victims, Bell taking a victim to get her nails done, the conspirators providing needles for drug use in the rooms, etc.

Reply at 2.

The Court determined that Defendants' argument regarding an alleged lack of evidentiary support for the third sex trafficking element was misplaced as an objection to the proposed supplemental instruction. Rather, the argument would be better suited for a motion for judgment of acquittal or a motion for a new trial. See Fed. R. Crim. P. 29; Fed. R. Crim. P. 33. In any case, as the Government pointed out, the jury did hear evidence to support the third element.

## II. CONCLUSION

For the foregoing reasons, the Court read its proposed instruction to the jury, and it granted in part and denied in part the Government's motion for use of a supplemental "affecting interstate commerce" jury instruction (Dkt. 885).

SO ORDERED.

Dated: June 17, 2022                   s/Mark A. Goldsmith
   Detroit, Michigan                 MARK A. GOLDSMITH
                                          United States District Judge