UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Civil Case No. 17-20183

v.

HON. MARK A. GOLDSMITH

D-1, DARRICK DERNARD BELL,

      Defendant.

_____/

### OPINION & ORDER DENYING DEFENDANT DARRICK BELL'S SECOND MOTION FOR A NEW TRIAL (Dkt. 1031)

This matter is before the Court on Darrick Bell's second motion for a new trial (Dkt. 1031).[1] For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

Bell was charged with various offenses related to an alleged sex trafficking and drug trafficking conspiracy based at the Victory Inn Hotel in Detroit. The jury returned a mixed verdict. The jury reached a verdict of guilty on all drug-related charges (Counts Six, Seven, and Eight), and not guilty of one sex trafficking charge (Count Two). It did not reach a verdict as to the balance of the sex trafficking offenses (Counts One, Three, Four and Five). See Verdict (Dkt. 896). On the Government's motion, the counts as to which the jury could not reach a verdict were dismissed (Dkt. 959).

---

[1] In addition to Bell's motion, the briefing includes the Government's response (Dkt. 1032), Bell's supplemental brief (Dkt. 1034), and the Government's supplemental response (Dkt. 1035). The Court heard oral argument on the motion on November 6, 2023.

Bell now moves for a new trial, his second such motion. His first motion for judgment of acquittal or new trial (Dkt. 934) was denied because the Court found that there was more than sufficient evidence for a jury to return a guilty verdict on Bell's drug-related charges. See 3/6/2023 Op. & Order (Dkt. 990).

Bell's current motion for a new trial is based on a claim of newly discovered evidence, i.e., that a witness, J.G., committed perjury at trial. This stems from two emails the Government received in August 2023 from an attorney whose former client, A.B., was housed in the same group jail cell as J.G. According to the attorney's emails, A.B. reported that J.G. had been "boast[ing] about lying at 'Bell's trial'" in jail. Mot. at ¶¶ 16–18. The Government alerted Bell's counsel about the email, id. ¶ 23, and Bell's counsel filed this motion. Bell argues that a new trial is necessary because "[J.G.'s] lies are newly discovered evidence that would dramatically have changed the result of [Bell's] trial." Br. Supp. Mot. at 9–10. This argument fails, however, because even if J.G. did make the statements to A.B. that Bell alleges, these statements do not give any reason to believe that J.G. committed perjury at trial.

## II.   ANALYSIS

Rule 33(a) enables "the court [to] vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Pro. 33(a). When a motion for a new trial is based on newly discovered evidence focusing on the perjury of a witness, "a threshold inquiry is whether the evidence demonstrates that the witness in fact committed perjury." United States v. White, 972 F.2d 16, 20 (2d Cir. 1992). Here, A.B. told her former attorney that J.G. claimed to lie about two things during Bell's trial: (i) about Bell raping her and (ii) about not knowing anything about the sex trafficking. See Gov. Resp. at 2.

The difficulty with Bell's argument is that, even if J.G. did make these statements to A.B., these statements were not true. J.G. never testified about Bell raping her, as a review of her testimony confirms. 5/2/2022 Trial Tr. (Dkt. 917); 5/3/2022 Trial Tr. (Dkt. 918); 5/4/2022 Trial Tr. (Dkt. 919). So she did not lie at trial about that. Nor did she lie at trial about not knowing anything about the sex trafficking taking place at the Victory Inn. In fact, J.G. testified extensively at trial about Bell's involvement with sex trafficking. For example, J.G. testified that Bell was involved in prostitution and had at least one "pimp" working for him. 5/2/2022 Trial Tr. (Dkt. 917) at PageID.8048–8049. J.G. also testified that at one point Bell had rented nearly 20 rooms at the Victory Inn for prostitutes and drug dealers to use. Id. at Page.ID.8076. This testimony shows that J.G. did not lie at trial about not knowing anything about the sex trafficking.

Therefore, what Bell alleges occurred does not actually amount to evidence that J.G. lied at trial—it is evidence only that she lied in jail. Lying to a cellmate may be prompted by a concern with self-preservation, as suggested by the Government, because cooperating witnesses—like J.G.—are often targeted in jail. See Gov. Resp. at 2. Whatever may be the motivation for lying outside of court, the failure to tell the truth to a cellmate raises no red flag—or even a yellow one—that the witness was not truthful on the witness stand. Bell cites no case to the contrary, nor does the Court's own research reveal any such authority. There is no legitimate fear that J.G. testified untruthfully at trial.

And because Bell's theory raises no concern that J.G. perjured herself at trial, his motion may be denied without an evidentiary hearing on whether J.G. did or did not make the statements to her cellmate. See United States v. Allen, 254 F. App'x 475, 477 (6th Cir. 2007) ("A trial court . . . has the discretion to deny an evidentiary hearing before ruling on a motion for a new trial.").

### III.   CONCLUSION

For the reasons explained above, Bell's second motion for a new trial (Dkt. 1031) is denied.

SO ORDERED.

Dated: January 10, 2024  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

4